## WURTS *v.* HOAGLAND.

## IRON COMPANY *v.* HOAGLAND.

1. The time within which a writ of error must be served, in order that it may operate as a *supersedeas*, must be computed from the date of the judgment which is the subject of review.

2. The writ of error did not in either of these cases operate as a *supersedeas*, as the required bond was filed Oct. 27, 1881, and the judgment of the Supreme Court of New Jersey was affirmed by the Court of Errors and Appeals July 18, 1881, and the record remitted Aug. 31, 1881.

RULE to show cause why an attachment should not issue against the defendant in error, for having sued out executions upon the judgments below after *supersedeas* bonds in due form and approved security had been filed within the prescribed time.

*Mr. Theodore Little* in support of the rule.

*Mr. Jehiel G. Shipman,* contra.

MR. JUSTICE BRADLEY delivered the opinion of the court.

The controversy in these cases arose out of an assessment of benefits for the drainage of lands in New Jersey. It was decided by the Supreme Court of that State, Dec. 1, 1880. The Court of Errors and Appeals affirmed the judgment on the 18th of July, 1881, and the record was remitted Aug. 31, 1881. On receiving the *remittitur* on that day, the Supreme Court entered a rule ordering it to be filed and the cause to be proceeded with according to law. Writs of error from this court to the Supreme Court of New Jersey were allowed and bonds approved Oct. 27, 1881, and on the following day were filed in the clerk's office of the latter court. The writs of error were properly directed to the Supreme Court, because at that time

the record had been transmitted to it, and was then in its possession. See *Atherton* v. *Fowler*, 91 U. S. 143, 148. But at any time before the *remittitur* the writs might have been directed to the Court of Errors and Appeals, because the judgment of that court was the final judgment in the cause, and until the *remittitur* was made it had possession of the record in contemplation of law. It is that judgment which is the subject of revision here. The plaintiff in error insists that the action of the Supreme Court, on receiving the *remittitur*, was the final judgment. But this is not correct. Such action was not necessary to the jurisdiction of this court. A number of instances might be cited in which, without any *remittitur*, a writ of error from this court has been directed to the Court of Errors and Appeals of New Jersey. This was the course in the noted cases of *State of New Jersey* v. *Wilson*, 7 Cranch, 164; *Bridge Proprietors* v. *Hoboken Company*, 1 Wall. 116; and *New Jersey* v. *Yard*, 95 U. S. 104.

In those States where the highest court does not have possession of the record, and does not render a judgment, but decides questions certified by the inferior courts, and merely issues a rescript directing the latter what judgment to render, the case would perhaps be different. But in New Jersey the record itself, or a transcript which stands for the record, is removed to the Court of Errors and Appeals, and a regular judgment is there rendered. For certain purposes, as in England on writs of error from the House of Lords, the judgment of the inferior court pending proceeding in error is supposed to be in existence. Action upon it may be brought, and, on failure to give proper bail in error, execution may be issued. But for all other purposes, when a writ of error goes to an inferior court, the Court of Errors and Appeals obtains possession of the cause and renders a formal judgment therein. If the judgment of the inferior court is reversed, the Court of Errors usually renders such judgment as ought to have been rendered, though it has the power to direct the court below what judgment to give. It is only necessary to open a book of New Jersey reports, containing decisions of the highest court, to ascertain its jurisdiction in this behalf. Thus, in 2d Zabriskie, 623, is a judgment in the case of *Demarest* v. *Hopper*,

reversing the judgment of the Supreme Court in an action of ejectment, and rendering judgment for the plaintiff; and in the same book, p. 725, is another judgment of reversal in the case of *Hopper* v. *Hopper*, coupled with a judgment for the demandant in an action of dower, with a direction to the Supreme Court to award a writ of inquiry to assess the damages, and to issue execution therefor.

We think that the final judgment in these cases was rendered on the eighteenth day of July, 1881, being the judgment rendered by the Court of Errors and Appeals; and that as the writs of error were not issued and served until the 28th of October, more than sixty days thereafter, they were too late to operate as a *supersedeas.* The rules to show cause must therefore be

*Discharged.*