## DEPARTMENT OF BANKING OF NEBRASKA, RECEIVER, *v.* PINK, SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK.

No. 466.   Decided December 21, 1942.

Messrs. *Walter R. Johnson,* Attorney General of Nebraska, *Morris Amchan* and *Howard Saxton* were on the brief for petitioner.

*Mr. Edward F. Keenan* was on the brief for respondent.

PER CURIAM.

This case is here on a petition for certiorari to the Supreme Court of New York. It appears from the record that a judgment of that court was affirmed by an order of the Appellate Division, which was on June 18, 1942 ordered affirmed by the Court of Appeals, whose remittitur to the Supreme Court was issued the same day. On June 25 the order and judgment of the Court of Appeals were made the order and judgment of the Supreme Court.

A motion was afterwards filed in the Court of Appeals to amend its remittitur by adding to it the statement that a federal question, on which the petition for certiorari relies, was presented and necessarily passed upon in that court. So far as appears, the motion did not seek a reargument or rehearing of any part of the case; it was no more than a request that the Court of Appeals declare what had in fact occurred upon its previous decision of the case. On July 29 the Court of Appeals granted the motion and amended its remittitur accordingly. On September 16, the Supreme Court directed that the order amending the remittitur be made the order of the Supreme Court. The petition for certiorari was filed in this Court on October 20.

Under the three-months limitation imposed by the statute, 28 U. S. C. § 350, the petition for certiorari is timely only if the amendment of the remittitur extended the time within which to apply for certiorari. We are unable to conclude that it had such effect. Unlike a motion for reargument or rehearing, it did not seek to have the Court of Appeals reconsider any question decided in the case. The final judgment already rendered was not challenged; what was sought was merely the court's certification that a federal question had been presented to it for decision, and this could have no different effect on the finality of the judgment than a like amendment of the court's opinion.

A timely petition for rehearing tolls the running of the three-months period because it operates to suspend the finality of the state court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties. Here no such alteration of the rights adjudicated was asked, and the finality of the court's first order was never suspended. Accordingly we must deny the petition

for certiorari on the ground that it was not filed within the time provided by law.

Certain questions with respect to the timeliness of applications for review of state court judgments, which are now pending before us in petitions for rehearing in two cases, have recurred so frequently that we think it appropriate to add a word for the guidance of the Bar. It is true that our writ to review a judgment of the highest court of a state may properly run to a lower court where the record is physically lodged, and where under New York practice a judgment is entered upon the remittitur of the Court of Appeals. It is nevertheless immaterial whether the record is physically lodged in the one court or the other, since we have ample power to obtain it from either. *Atherton* v. *Fowler,* 91 U. S. 143, 146. In reliance upon the early decision in *Green* v. *Van Buskerk,* 3 Wall. 448, the period for appeal or application for certiorari has on occasion been computed not from the judgment or order of the New York Court of Appeals, but from the judgment subsequently entered by the lower court upon the Court of Appeals' remittitur. This practice, which is a departure from the rule applied to cases from other states, is inconsistent with our many decisions on the nature of a final judgment under § 237 of the Judicial Code, 28 U. S. C. § 344, and cannot be sanctioned. See especially Chief Justice Waite's opinion in *Mower* v. *Fletcher,* 114 U. S. 127, where a state appellate court's judgment was held to be final and reviewable when it ended the litigation by fully determining the rights of the parties, so that nothing remained to be done by the lower court except the ministerial act of entering the judgment which the appellate court had directed. See also *Wurts* v. *Hoagland,* 105 U. S. 701, 702, and *Clark* v. *Williard,* 292 U. S. 112, 117–118. This rule applies with equal force to cases from New York,

in which the judgment or order of the Court of Appeals is reviewable here as a final judgment when the record reveals that it leaves nothing to be done by the lower court except the ministerial act of entering judgment on the remittitur. Such an order is, within the meaning of § 237 of the Judicial Code, a final judgment reviewable here.

For the purpose of the finality which is prerequisite to a review in this Court, the test is not whether under local rules of practice the judgment is denominated final (*Wick* v. *Superior Court,* 278 U. S. 575; *Cheltenham & Abington Sewerage Co.* v. *Pennsylvania Public Utility Comm'n, post,* p. 588), but rather whether the record shows that the order of the appellate court has in fact fully adjudicated rights and that that adjudication is not subject to further review by a state court (see *Gorman* v. *Washington University,* 316 U. S. 98). Where the order or judgment is final in this sense, the time for applying to this Court runs from the date of the appellate court's order, since the object of the statute is to limit the applicant's time to three months from the date when the finality of the judgment for purposes of review is established.

It was for this reason that we recently held that the three-months requirement had not been complied with in *Monks* v. *Lee, post,* p. 590, and *Bunn* v. *Atlanta, post,* p. 666, in which cases judgments were brought here for review from the courts of California and Georgia, and in each of which a petition for rehearing is today denied, *post,* p. 711. The petition for certiorari in this case must likewise be denied for want of jurisdiction.

*So ordered.*