Edward **LIEBERMAN**, Plaintiff-Appellant,

v.

**GULF OIL CORPORATION**, Defendant-Respondent.

No. 28094.

United States Court of Appeals Second Circuit.

Motions Argued March 11, 1963.

Decided April 2, 1963.

Bernard Tompkins (Tompkins & Lauren), New York City, for plaintiff-appellant.

Leo T. Kissam (Kissam & Halpin), New York City, for defendant-respondent.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

FRIENDLY, Circuit Judge.

This action for malicious prosecution, wherein federal jurisdiction was based on diverse citizenship, was brought in the Southern District of New York against Gulf Oil Corporation, John Leivia, and W. B. Edwards. An amended complaint dropped the individual defendants. After trial before Judge Sugarman and a jury, a verdict for Gulf was rendered on December 18, 1962. The judge having denied all of plaintiff's motions with respect to the verdict, the Clerk on that day filed the judgment and mailed notice thereof to plaintiff's attorney; the judgment was entered on December 19.

The judgment was captioned "Edward Lieberman, Plaintiff, v. Gulf Oil Corporation, John Leivia and W. B. Edwards, Defendants." It recited: "The above-entitled action having come on regularly for trial before the Honorable Sidney Sugarman and a jury as to the defendant Gulf Oil Corporation (the remaining defendants having been dropped pursuant

to the second amended complaint filed November 7, 1962) * * * and the jury having returned its verdict in favor of the defendant, it is ADJUDGED: The defendant Gulf Oil Corporation shall have judgment against the plaintiff Edward Lieberman." On December 26, 1962, apparently as the result of an oral request to the Clerk by Gulf's attorneys, Judge Sugarman signed an order stating that "Pursuant to Federal Rule of Civil Procedure 60(a)," which relates to clerical mistakes, the judgment was amended by striking the names of Leivia and Edwards from the caption and the parenthetical clause from the body. The Clerk physically altered the judgment as directed and mailed plaintiff's attorney a notification that "There was entered on the docket *12-26-62* * * * an order & (judgment) *amended*"[1]; in fact, the order was entered December 27. On December 28, in response to the notification, plaintiff's attorney went to the Clerk's office to see what the amendment was, but the amended judgment was not yet in the file; on January 2, 1963, he telephoned the Clerk and learned "that the new order amended the judgment by striking" the names of the two individual defendants.

Plaintiff filed a notice of appeal on January 25, 1963—more than 30 days after the entry of the original judgment on December 19 but less than 30 days after the December 27 amendment. On February 15 defendant served notice of a motion to dismiss the appeal as untimely under F.R.Civ.Proc. 73(a), the first paragraph of which we quote in the margin.[2] Thereupon plaintiff sought and on February 18 obtained an order from Judge Sugarman extending his time to appeal through that day upon the basis of excusable neglect; a second notice of appeal was immediately filed. Defendant has moved to dismiss the first appeal as untimely and the second appeal on the ground that Judge Sugarman had no authority to extend plaintiff's time.

■ The entry of the order correcting a mistake in the judgment pursuant to Rule 60(a) did not start the time for appeal running again. "[T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought." F. T. C. v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211, 73 S.Ct. 245, 248, 97 L.Ed. 245 (1952); see also Department of Banking v. Pink, 317 U.S. 264, 63 S.Ct. 233, 87 L.Ed. 254 (1942). It would be hard to think of a revision more immaterial than that here; indeed, we cannot imagine why it was sought. And Rule 73(a), in listing the types of motions which will terminate and start anew "the running of the time for appeal," significantly omits motions made pursuant to Rule 60(a)—the Rule clearly stated in the judge's order to be the basis for the amendment here. The January 25 notice of appeal was thus untimely.

---

1. The italicized material was typewritten; the rest was a printed form.

2. "(a) WHEN AND HOW TAKEN. When an appeal is permitted by law from a district court to a court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, except that in any action in which the United States or an officer or agency thereof is a party the time as to all parties shall be 60 days from such entry, and except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed. The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59."

If these motions had come before us a few months ago, we should likewise have thought the district court was without authority to extend appellant's time. This would not have been due to any doubt that the pardonable misunderstanding by appellant's attorney could be considered "excusable neglect," especially in view of the absence of any prejudice to the defendant from the short delay, but because F.R.Civ.Proc. 73(a), now codified in 28 U.S.C. § 2107, requires more than that. The showing must be of "excusable neglect *based on a failure of a party to learn of the entry of the judgment*"; and the background of this provision, reinforced by the contrast of the language with that in Rule 60(b) (1) ("mistake, inadvertence, surprise, or excusable neglect"), shows that the words we have italicized were put there deliberately.

The Federal Rules of Civil Procedure as originally adopted made no provision as to the time within which appeals to the courts of appeals were to be taken, although original Rule 6(b) expressly prohibited enlargement of "the period for taking an appeal as provided by law." In general a three-month period was provided in 43 Stat. 936, 940; shorter times had been established for appeals from various interlocutory orders and, by court rule, in the District of Columbia. See 7 Moore, Federal Practice (2d ed. 1955), ¶ 73.09[1]. The provision now found in F.R.Civ.Proc. 73(a) was adopted in 1946 and stemmed from two sources. The basic one was a 1944 resolution of the Judicial Conference of Senior Circuit Judges, recommending to the Rules Committee "That in all civil cases, except where a shorter period may be provided by law and except those wherein the United States is a party, appeals shall be within thirty days after judgment or order denying motions affecting the judgment." See 7 Moore, supra, at 3110. The other was Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), which had arisen under the rule of the Court of Appeals for the District of Columbia requiring an appeal to "be taken within 20 days after the * * * judgment * * * complained of shall have been made or pronounced." The appeal was taken 27 days after the entry of judgment, but the clerk had failed to discharge his duty, under F.R.Civ.Proc. 77(d),[3] to send notice of the entry to the losing party. Thereafter the district judge vacated the judgment and entered a new one, from which an appeal was taken the next day. The Supreme Court held that "it was competent for the trial judge, in the view that petitioner relied upon the provisions of Rule 77(d) with respect to notice, and in the exercise of a sound discretion, to vacate the former judgment and to enter a new judgment. * * * The term had not expired and the judgment was still within control of the trial judge for such action as was in the interest of justice to a party to the cause." A vigorous dissent emphasized that the public has an interest in having "a definite and ascertainable point of time when litigation shall be at an end unless within that time application for appeal has been made"; that "that purpose is defeated if judges may enlarge the time for appeal beyond the period prescribed by law"; and that "for that reason * * * this Court has consistently ruled that no federal judge or court possesses the power to extend the time for appeal beyond the statutory period by any form of judicial action which falls short of a reconsideration of the provisions of a judgment in point of substance so as to postpone its finality." The 1946 amendment to Rule 73(a) sought to satisfy both the majority and the minority positions in Hill v. Hawes. In the situation presented in that case, "excusable neglect based on a failure of a party to learn of the entry of the judgment", the Rule permitted the district court to extend the thirty-day period for not longer than another thirty days; but there was to be no exception for "excusable neglect" generally, as there was in Rule 60(b) (1), on which the Hill majority had to some

---

3. Rule 77(d) did not then contain what is now its final sentence. See note 4 infra.

extent relied, 320 U.S. at 524, 64 S.Ct. at 336. See the Committee Note, quoted in 7 Moore, supra, at 3111–12.[4] In conformity with this background, and the language itself, we have heretofore given a rather strict reading to the "excusable neglect" clause of Rule 73(a), Nichols-Morris Corp. v. Morris, 279 F.2d 81 (2 Cir.1960); such a reading would lead to the granting of both motions here, since appellant's failure to appeal within thirty days was not literally "based on a failure * * * to learn of the entry of the judgment."

A somewhat different approach seems to be dictated by the recent per curiam decision in Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261, which the briefs and arguments of the parties have not mentioned. There an attorney who admittedly had notice of the entry of the judgment sought and obtained from the district court, within the thirty-day period, a two-week extension to enable him to discuss whether to appeal with his client's general counsel, who was then away. Notice of appeal was filed within the period as so extended. The Seventh Circuit dismissed the appeal as untimely, on the ground that there was no showing of "a failure * * * to learn of the entry of the judgment" so as to authorize the district court to grant the extension. 303 F.2d 609 (1962). The Supreme Court reversed, saying:

"In view of the obvious great hardship to a party who relies upon the trial judge's finding of 'excusable neglect' prior to the expiration of the 30-day period and then suffers reversal of the finding, it should be given great deference by the reviewing court. Whatever the proper result as an initial matter on the facts here, the record contains a showing of unique circumstances sufficient that the Court of Appeals ought not

to have disturbed the motion judge's ruling."

Although the instant case does not present the precise situation of hardship found in Harris, where the extension was granted at a time when a timely appeal could still have been taken, there are enough elements of resemblance and a sufficient "showing of unique circumstances" that we feel constrained to follow the Supreme Court's lead. See also Foman v. Davis, 368 U.S. 951, 82 S.Ct. 396, 7 L.Ed.2d 385 (1962). From the notification in the Clerk's postcard that the judgment had been "amended," and from the telephone information that the amendment consisted of dropping the individual defendants, appellant's attorney —whose prompt effort actually to inspect the amendment had proved unavailing— could not unreasonably have concluded that the change had been made pursuant to Rule 59(e), which provides for a motion within ten days "to alter or amend the judgment" (even though that Rule requires a motion thereunder to be "served"), rather than pursuant to Rule 60(a), as the order in fact stated. A motion under Rule 59(e), unlike one under Rule 60(a), is one of those which, as provided in Rule 73(a), starts the time for appeal running anew; and appellant did in fact file his first notice of appeal within thirty days of the order directing the amendment. It may well be, as Professor Moore intimates, Vol. 6 at 3878, that, despite the breadth of its language, Rule 59(e) was not meant to include alterations or amendments relating to mere clerical mistakes that are correctible under Rule 60(a), even when as here motion to that end is made within the ten-day period. Compare Southern States Equipment Corp. v. USCO Power Equipment Corp., 209 F.2d 111, 116–117 (5 Cir. 1953). However, as we understand the approach taken in Harris, it would be going too far to say that when a

---

4. At the same time Rule 77(d) was amended by adding what is now the final sentence: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a)." See the Committee Note, quoted in 7 Moore, supra, at 4003–04.

party has excusably failed to learn that amendment of a judgment, made at the behest of his opponent within the ten-day period permitted by Rule 59(e), was in fact pursuant to Rule 60(a), the district court lacks *power* to grant the relatively short extension of time which is all that Rule 73(a) allows. Indeed, such a situation seems a bit closer to the language of the Rule than what Harris held to be close enough.

Motion to dismiss first appeal granted; motion to dismiss second appeal denied.