316 F.2d 871
 Thelma WAGNER and Melvin Goldman, Administrators with the Will annexed of the goods, chattels and credits which were of Constantin Wagner, deceased, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 308.
 Docket 27916.
 United States Court of Appeals Second Circuit.
 Argued April 10, 1963.
 Decided April 25, 1963.
 
 Deane Ramey, New York City, for plaintiffs-appellants.
 Bruno Lederer, Washington, D. C. (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, Robert Arum, Asst. U. S. Atty., of counsel), for defendant-appellee.
 Before MOORE, FRIENDLY and HAYS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this tax-refund action against the United States in the Southern District of New York, Judge Bryan rendered an opinion on June 29, 1961, which concluded:
 
 
 2
 "The Government's motion for summary judgment will therefore be granted and judgment will be entered accordingly.
 
 
 3
 "It is so ordered."
 
 
 4
 On the same day the Clerk of the District Court entered judgment for the defendant. Nearly a year later, plaintiffs served notice of a motion, stated to be pursuant to F.R.Civ.Proc. 60, asking "that the said judgment be vacated and set aside on the ground that such judgment was contrary to the law and contrary to the evidence upon which the said judgment was entered," or, in the alternative, that it "be resettled and re-entered in order to permit the plaintiffs to file a notice of appeal therefrom." In addition to re-arguing the merits, and claiming that under Rule 58 the Clerk had no power to enter the judgment, the moving affidavit alleged that plaintiffs' attorney was on vacation when the judgment was entered and did not learn of its entry until after the time to appeal had expired. An opposing affidavit stated that notice of the decision had appeared in the New York Law Journal on July 3, 1961, and that the Government had received postcard notice of entry of judgment from the Clerk on that day. From Judge Bryan's denial of their motion, plaintiffs appeal; their brief in this Court suggests that the Clerk's notice to their attorney may have been sent to a former office address and may thus have miscarried. The order denying the motion under Rule 60(b) is appealable under 28 U.S.C. § 1291, but the appeal brings up only the denial of the motion and not the judgment itself. 7 Moore, Federal Practice (2d ed. 1955), ¶ 60.30[3].
 
 
 5
 The catch-all clause of Rule 60(b) (6), authorizing the court to relieve a party from a judgment for "any other reason justifying relief," cannot be read to encompass a claim of error for which appeal is the proper remedy; such a reading would emasculate the provisions of Rule 73(a), now codified in 28 U.S.C. § 2107, which strictly limit the time for appeal, and which are reinforced by the last clause of Rule 6(b) and the last sentence of Rule 77(d). Elgin Nat'l Watch Co. v. Barrett, 213 F.2d 776, 779-780 (5 Cir. 1954). Appellants' reliance on Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), in support of their alternative request for resettlement of the judgment ignores the fact that, as explained in our recent opinion in Lieberman v. Gulf Oil Corp., 315 F.2d 403 (2 Cir., 1963), the purpose of the 1946 amendments of Rule 73(a) and 77(d) was to substitute for the open-ended possibilities suggested by that decision the strictly limited relief now authorized by Rule 73(a). We need not consider whether this was a case of "excusable neglect based on a failure of a party to learn of the entry of the judgment" as that Rule requires. For the Rule also limits the power of the district court to grant relief on such a showing to an extension of 30 days from the expiration of the original time for appeal, and here the district court has granted no extension and could not lawfully have done so, since the request therefor was not made until nearly ten months after the time to appeal had expired. Any moderation of the rigors of the "excusable neglect" clause worked by Harris Trunk Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1963), or by our decision in Lieberman v. Gulf Oil Corp., supra, responsive to our understanding of the Harris case, goes only to the "deference" declared by the Supreme Court to be due to certain orders of the district courts within the time limits stated in the Rule.
 
 
 6
 The 1946 amendment of Rule 58 substituted the words "all relief be denied" for the former phrase "there [shall] be no recovery" and thus broadened the authority of the Clerk to enter a judgment without the need of settlement by the court. See the Advisory Committee's Notes. The contention that this had the unexpected effect of narrowing the Rule so as to eliminate the Clerk's power to enter a grant of summary judgment dismissing a complaint is so patently frivolous that statement is a sufficient answer.
 
 
 7
 Affirmed.