UNITED STATES of America, Appellant,

v.

1,431.80 ACRES OF LAND, MORE OR LESS, IN CROSS COUNTY, ARKANSAS, et al., Appellees.

No. 72-1443.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 16, 1972.

Decided Sept. 22, 1972.

J. L. Shaver, Wynne, Ark., for appellees.

Carl Strass, Atty., Department of Justice, Washington, D. C., in opposition to appellee's motion to dismiss.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This condemnation suit was tried by a jury on the issue of title and just compensation in United States District Court. After the entry of final judgment, the trial judge amended the judgment to correct the dates of the trial. Thereafter, the United States, the condemnor, filed a notice of appeal and the case was docketed in this Court. The appellee has made a motion to dismiss the government's appeal pursuant to Eighth Circuit Rule 8, alleging it was not brought within the 60-day time limit allowed by Fed.R.App.P. 4(a).

To present the problem specifically, the relevant docket entries in the United States District Court are herewith set out:

3-28-72  Jury trial began before Judge Williams.

3-31-72  Jury verdict awarding $20,700 for tract 433E.

4- 6-72  Final judgment by Judge Williams filed. Just compensation on Tract 433E $20,700.

5- 8-72  Amendment to judgment by Judge Williams filed. Dates of trial on issue of just compensation corrected.

5-26-72  Disbursement order filed.

7- 5-72  Notice of appeal filed by United States.

The Court must decide whether the amendment to the judgment which

merely corrected the dates of the trial[1] operates to start anew the 60-day period in which to file the notice of appeal.

If the amendment can be viewed as a final judgment, then the 60-day period can be started anew. A final judgment is a court's act which disposes of the matter under consideration in a manner which clearly indicates the judge's intention that the act is a final one. Carnes v. United States, 279 F.2d 378, 379-380 (10th Cir.), cert. denied, 364 U.S. 846, 81 S.Ct. 88, 5 L.Ed. 2d 69 (1960). An immaterial change in a judgment previously entered does not toll the time in which review must be sought. FTC v. Minneapolis Honeywell Co., 344 U.S. 206, 211, 73 S.Ct. 245, 97 L.Ed. 245 (1952). The record in the instant case indicates that the amendment was a sua sponte action by the trial judge to correct a clerical error in the final judgment and did not in any material way affect the final judgment entered on April 6, 1972. Therefore, the amendment can not be treated as a final judgment which would start anew the time period in which to appeal.

The appellant contends the disbursement order entered after the April 6 final judgment indicates that the District Court continued to retain jurisdiction and "obviously had not issued a final order." This Circuit has held that the mere retention of jurisdiction for future ministerial orders does not withhold the finality required to make the order appealable. Sykes v. United States, 392 F.2d 735, 738 (8th Cir. 1968). In the instant case, the order of distribution can be considered ministerial since the order of April 6, 1972, decided the substance of the controversy.

The appellant contends that the amendment should be considered a correction of judgment under Fed.R. Civ.P. 60(a)[2] and, as such, that the time period for filing the notice of appeal should start anew. Although we view the trial judge's amendment as one pursuant to Fed.R.Civ.P. 60(a), Fed.R. App.P. 4(a) does not specify Rule 60(a) as being a procedural exception to the mandatory time limits for filing an appeal. The entry of an order correcting a clerical mistake pursuant to Rule 60(a) does not start the time for appeal running again. Lieberman v. Gulf Oil Corp., 315 F.2d 403, 404 (2nd Cir.), cert. denied, 375 U.S. 823, 84 S.Ct. 62, 11 L. Ed.2d 56 (1963). Nor does a motion to correct a clerical mistake in the entry of the judgment suspend the running of time for filing a notice of appeal. Albers v. Gant, 435 F.2d 146, 148 (5th Cir. 1970).

Therefore, since the amendment to the judgment did not affect the finality of the judgment entered on April 6, 1972, we hold that the government's notice of appeal was filed out of time and dismiss the appeal for want of jurisdiction under Eighth Circuit Rule 8(a).

Dismissed.

---

1. The text of the amendment filed May 8, 1972, is as follows:
   "The final judgment entered herein on April 6, 1972, in the above-captioned case, is amended as follows:
   "In the first paragraph of said judgment the words This cause came on for trial of the issue of just compensation during the period from March 21, 1972, through and including March 24, 1972 . . . should read:
   "This cause came on for trial of the issue of just compensation during the period from March 28, 1972, through and including March 31, 1972. . . . ."

2. Fed.R.Civ.P. 60(a) provides:
   "Relief from Judgment or Order
   "(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."