Ollie CORNIST et al., Plaintiffs-Appellees,

v.

RICHLAND PARISH SCHOOL BOARD et al., Defendants-Appellants.

Elvert CHISLEY et al., Plaintiffs-Appellees,

v.

RICHLAND PARISH SCHOOL BOARD et al., Defendants-Appellants.

No. 72–3346.

United States Court of Appeals, Fifth Circuit.

May 14, 1973.

John F. Ward, Jr., Baton Rouge, La., William R. Coenan, Asst. Dist. Atty., Rudolph McIntyre, Dist. Atty., Rayville, La., for defendants-appellants.

Paul H. Kidd, Monroe, La., for plaintiffs-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Richland Parish School Board on August 10, 1972 filed a Notice of Appeal from a Judgment dated April 20, 1972, an Amended Judgment dated May 1, 1972, and an Order dated July 20, 1972 which denied Richland's May 10, 1972 Motion for New Trial as "filed too late" and ordered that "the judgment of this Court of April 20, 1972 is the final judgment of this Court." Appellees have filed a Motion to Dismiss the appeal as not having been timely filed. We deny the Motion to Dismiss for reasons which require that we also vacate the July 20 Order and remand for the District Judge to rule on the pending Motion for New Trial filed by Richland.

The judgment dated April 20, 1972, "approved as to form" by counsel for both plaintiffs and defendants and signed by the District Judge, ordered reinstatement of two teachers, plaintiffs-appellees Ollie Cornist and Elvert Chisley, and further provided:

[T]he issues of punitive damages and attorney fees relating to the discharges of Elvert Chisley and Ollie Cornist, the reinstatement of Sidney Perkins as a high school band director, the establishment of racial ratios of faculty, staff, and administration, the contempt of the Board, attorneys fees, fines, and punitive damages for the contempt are taken under advisement.

. . .

However, on April 27, 1972 counsel for defendant submitted a new judgment "approved as to form" by counsel for both plaintiffs and defendant, along with the following letter stating in part:

Dear Judge Dawkins:

On April 20, 1972 Mr. Paul Kidd brought me a judgment which I approved without really reading. My Superintendent objected to one paragraph concerning the re-instatement of Sidney Perkins, band director. Mr. Kidd readily agreed to submit a new judgment in lieu of the original.

However you signed the first judgment and I would appreciate very much if you would substitute the second agreed judgment by simply writing "Amended" across the face of the first page or in whatever manner you see best.

The District Judge on May 1, 1972 signed the new judgment and wrote in "Amended" as requested. The new judgment ordered reinstatement of plaintiffs as before, but omitted, among other things, the provision quoted above relating to Sidney Perkins and instead simply provided in place of the above quoted excerpt from the judgment the following: "[A]ll other issues are taken under advisement."

Richland filed its Motion for New Trial on May 10, 1972. Whether it was timely and within the 10-day time limit specified by Rule 59(b), Federal Rules of Civil Procedure, depends upon the question whether the May 1 Amended Judgment was the judgment contemplated by that subsection. On July 20, 1972 the District Judge denied the Motion for New Trial "as having been filed too late" and determined that the April 20 judgment was the final judgment of the Court.

The Supreme Court said in United States v. Indrelunas, 411 U.S. 216, 217, 93 S.Ct. 1562, 1563, 36 L.Ed.2d 202 (1973), a related case, that a "conflict on an issue such as this is of importance and concern to every litigant in a federal court, since, as this case makes clear, the timeliness of appeals, as well as the timeliness of post-trial motions, may turn on the question of when judgment

is entered." To decide when judgment was entered in this case insofar as Rule 59(b) purposes are concerned, we must refer to a general rule enunciated by a long line of judicial authority, that the second judgment prevails and begins the running of the 10-day limitation, if it is a superseding judgment making a change of substance which "disturbed or revised legal rights and obligations." Federal Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211–212, 73 S.Ct. 245, 248–249, 97 L.Ed. 245 (1952). *See* Federal Power Comm'n v. Idaho Power Co., 344 U.S. 17, 19–22, 73 S.Ct. 85, 86–87, 97 L.Ed. 15 (1952); Zimmern v. United States, 298 U.S. 167, 56 S.Ct. 706, 80 L.Ed. 1118 (1936). However, if the Court does no more in the second judgment than make a clerical change, such as correct the names of parties or dates, the time for filing motions does not start to run from entry of the second judgment, but rather runs from date of the first judgment. *See* Department of Banking v. Pink, 317 U.S. 264, 63 S.Ct. 233, 87 L.Ed. 254 (1942); United States v. 1,431.80 Acres of Land, 8 Cir., 1972, 466 F.2d 820; Albers v. Gant, 5 Cir., 1970, 435 F.2d 146; Lieberman v. Gulf Oil Corp., 2 Cir., 1963, 315 F.2d 403.

Here the request was for "a new judgment in lieu of the original," and it is apparent that the second judgment was intended to supersede the first. The fact that the second judgment was termed an "Amended" Judgment is not decisive, because the Supreme Court has said that "the question of whether time . . . was to be enlarged cannot turn on the adjective which the court below chose to use in the caption of its second judgment." Federal Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 212–213, 73 S.Ct. 245, 249, 97 L.Ed. 245 (1952). The important circumstance here is that the second judgment omitted a paragraph of substance concerned with, *inter alia*, the legal rights and possible reinstatement of another teacher, Sidney Perkins.

Accordingly, the time for filing motions began to run with the entry of the Amended Judgment on May 1, 1972, and the Motion for New Trial on May 10 was therefore timely and within the 10-day period. The District Judge must therefore consider and rule on the merits of the pending Motion for New Trial filed by appellant before the time to file a notice of appeal by an aggrieved party commences to run. *See* Rule 4(a), Federal Rules of Appellate Procedure.

Motion to dismiss the appeal is denied; vacated and remanded for further proceedings.