ARTCO, INC. *vs.* ANTHONY DIFRUSCIA.

Essex.    June 7, 1977. — July 13, 1977.

Present:    HALE, C.J., GRANT, & BROWN, JJ.

*Practice, Civil,* Master: report of evidence, objections to report; Judgment, Relief from judgment.

A party's failure to file timely objections to a master's report and to request a summary of evidence relieved the master of the duty imposed by Rule 49, § 7, of the Superior Court (1974) to append to his report a summary of so much of the evidence as might be necessary to enable the court to decide questions of law urged by that party and determine the sufficiency of evidence to support the master's findings. [515-516]

No error appeared in the denial of a party's motion for relief from judgment where, to the extent the motion was predicated on Mass. R.Civ.P. 60(b)(2) or (3), it was not filed within one year after the judgment originally entered [516-517]; and, to the extent it was predicated on Rule 60(b)(6), no abuse of the judge's discretion was shown [517-518].

CONTRACT.    Writ in the Superior Court dated August 8, 1972.

The action was heard by *J. P. Sullivan, J.,* on a master's report.

A motion for relief from judgment was heard by *Bennett, J.*

*Reginald L. Marden* for the defendant.
*Robert W. Deveau* for the plaintiff.

BROWN, J.    The plaintiff brought this action in the Superior Court, alleging in three counts that the defendant owed it money under the terms of a contract between the

parties by which the plaintiff was to provide the labor and materials for the renovation of a building owned by the defendant. The defendant's answer consisted of a general denial and also alleged (1) that the labor and materials supplied by the plaintiff were defective, and (2) payment.

The case was referred to a master under a stipulation that the master's findings of fact should be final. The order of reference stated that he should not report any evidence except as required for consideration of questions of law. The defendant hired a stenographer for the hearing, and the stenographer was approved by the master. At the conclusion of the hearing the master was presented with the transcript of the hearing.

A draft report was submitted to the parties, and the parties' suggestions were incorporated therein. On January 10, 1975, a "final" report was filed. On January 16, 1975, the defendant filed objections to and moved to strike the report. The plaintiff moved to confirm the report, and for judgment. On April 11, 1975, the judge ruled that the plaintiff's motion to confirm the report would be allowed if the plaintiff's earlier motion to amend the complaint by adding a count in quantum meruit should be allowed within fifteen days.

Upon allowing the plaintiff's motion to amend the complaint by adding a fourth count in quantum meruit, the judge recommitted the case to the master to make findings on that count.

On June 10, 1975, the master filed a supplemental report with the court. Apparently later that day, the defendant filed "preliminary objections" to the master's supplemental report.[1] On June 30, 1975, upon motion of the plaintiff, the court entered an order adopting the master's report and supplemental report and granted judgment thereon. The defendant then filed a notice of appeal.

---

[1] The defendant asserts in his brief that the master's supplemental report was filed on June 26, 1975, and that the defendant's preliminary objections were filed on June 27, 1975. The docket entries and the original papers disclose that both papers were filed on June 10, 1975.

On July 18, 1975, the defendant filed a motion for relief from judgment under Mass.R.Civ.P. 60 (a), 365 Mass. 828 (1974), alleging that there had been a clerical error in the computation of the interest included in the judgment. The judge allowed that motion and ordered entry of judgment with the interest correctly computed on January 26, 1976. On January 13, 1977, the defendant filed a motion for relief from judgment under Rule 60 (b) (2), (3) and (6), 365 Mass. 828-829 (1974). Following a hearing, that motion was denied.

1. The defendant contends that the master failed to comply with Rule 49, § 7, of the Superior Court (1974), as in effect prior to the amendment of May 8, 1976, by not appending to his reports summaries of the evidence that would have enabled the court to rule upon a disputed question of law and to determine whether there was sufficient evidence to support the master's findings. It was therefore error, the defendant argues, for the judge to have confirmed the master's reports and ordered entry of judgment thereon.

The defendant's objections, filed on January 16, 1975, were not timely filed. The preliminary objections referred to in Rule 49, § 7, were required to be served on the master before he submitted his report. *Michelson* v. *Aronson*, 4 Mass. App. Ct. 182, 187-189 (1976). The defendant's failure to file his objections on time relieved the master of the obligation imposed by Rule 49, § 7, to append to his report a summary of so much of the evidence as might have been necessary to decide questions of law urged by the defendant.[2] Moreover, Rule 49, § 7, required that a party desiring a master to append a summary of the relevant evidence to his report was obligated to file a written request for such summary with the preliminary objections. *Watkins* v. *Simplex Time Recorder Co.* 316 Mass. 217, 222 (1944). *Minot* v. *Minot*, 319 Mass. 253, 259 (1946). *Anderson Corp.* v.

---

[2] As mentioned earlier the order of reference to the master did not require him to report any such evidence. *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 406 (1937), and cases cited. *Michelson* v. *Aronson, supra* at 187.

*Blanch,* 340 Mass. 43, 49 (1959). *Michelson* v. *Aronson, supra* at 189. The defendant did not serve such a request on the master at any time.[3]

The defendant's preliminary objections to the master's supplemental report were apparently filed on the same day (June 10, 1975), but after the master had filed his report with the court. The master was therefore under no obligation to file a summary of any portion of the evidence adduced at the hearing after the recommittal. Moreover, even if the defendant's objections to the supplemental report had been made before the master submitted that report, they were addressed to matters which were the subject of the first report, and no timely objection had been filed to that report. Having failed to raise objections at the proper time, the defendant may not now raise objections to matters not apparent on the face of the reports. *Michelson* v. *Aronson, supra* at 189, and cases cited.[4]

2. The defendant also contends that the judge erred in denying his motion for relief from judgment filed under Mass.R.Civ.P. 60(b)(2), (3) and (6). That motion was based on the fact that a witness who had testified for the plaintiff at the first set of hearings before the master had stated in a subsequent affidavit that he then believed the facts to be different from those to which he had testified during the hearings.

The defendant contends that this constituted newly discovered evidence which entitled him to relief from judg-

---

[3] It should be noted that upon failure of the master to append to his report a summary of the evidence, the proper procedure for a party to employ is to request that the judge recommit the case to the master for that purpose. *Carilli* v. *Hersey,* 299 Mass. 139, 142-143 (1937). *Minot* v. *Minot,* 319 Mass. 253, 260-261 (1946). Note to Rule 49, § 7, Superior Court Rules (1974). Following the filing of the master's report of June 10, 1975, the defendant made no request that the trial judge recommit to the master for this purpose.

[4] The defendant's contention that the master did not file a final version of his supplemental report as required by Rule 49, § 7, of the Superior Court (1974) is incorrect. According to the statement of the master in his supplemental report, a draft of that report was submitted to the parties prior to the filing on June 10, 1975, of what was the final "supplemental report."

ment under Rule 60(b)(2), 365 Mass. 828 (1974), and that the plaintiff, who had been the witness' employer at the time of the testimony before the master, had engaged in fraud or misrepresentation in order to secure favorable testimony from the witness.

The defendant's motion under Rule 60(b) was filed on January 13, 1977, more than one year after the judgment originally entered on June 30, 1975. Neither the motion filed under Rule 60(a) to correct the earlier judgment nor the fact that that motion had been allowed and the judgment corrected affected the finality of the earlier judgment or extended the time within which the defendant could bring a motion under Rule 60(b)(2) or (3), 365 Mass. 828-829 (1974). See *Lieberman* v. *Gulf Oil Corp.* 315 F. 2d 403, 404 (2d Cir. 1963); *United States* v. *1,431.80 Acres of Land,* 466 F. 2d 820, 822 (8th Cir. 1972); *Cornist* v. *Richland Parish School Bd.* 479 F. 2d 37, 39 (5th Cir. 1973). In so far as the motion was based on Rule 60(b)(2) or (3), it was made after the one-year period specified in the rule and was therefore properly denied.

There has been no clear showing that the judge abused his discretion in denying the motion for relief from judgment in so far as it was predicated on Rule 60(b)(6). *Trustees of Stigmatine Fathers, Inc.* v. *Secretary of Admn. & Fin.* 369 Mass. 562, 565-566 (1976). *Nolan* v. *Weiner,* 4 Mass. App. Ct. 800 (1976). The defendant's brief raises no ground for relief other than ones which should have been brought under Rule 60(b)(2) or (3). Relief under Rule 60(b)(6) will not be granted except in extraordinary circumstances. *Ackermann* v. *United States,* 340 U. S. 193, 202 (1950). We will not allow Rule 60(b)(6) to be used as an alternative vehicle to raise issues which should have been timely raised under Rule 60(b)(2) or (3). *Lubben* v. *Selective Serv. Sys. Local Bd. No. 27,* 453 F. 2d 645, 651-652 (1st Cir. 1972). *Stradley* v. *Cortez,* 518 F. 2d 488, 493 (3d Cir. 1975). Wright & Miller, Federal Practice and Procedure § 2864 (1973).

In his effort to avoid the one-year time limitation from the date of judgment for motions filed under Rules

60 (b) (2) and (3) the defendant asserts that a fraud has been perpetrated on the court.[5] Rule 60 (b) places no time limitation on this ground. There is no fraud upon the court where a judgment has been "obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury." *Hazel-Atlas Glass Co.* v. *Hartford-Empire Co.* 322 U. S. 238, 245 (1944). See *Serzysko* v. *Chase Manhattan Bank,* 461 F. 2d 699, 702 (2d Cir.), cert. den. 409 U. S. 883 (1972). Moreover, the affidavit of the witness who sought to change his testimony did not establish by clear and convincing evidence (Wright & Miller, *supra* at § 2860) that the original testimony of the witness was perjured or that the plaintiff was responsible for the alleged inaccuracy in the witness' original testimony. Accordingly, we see no reason to upset the judge's denial of this motion.

*Judgment affirmed.*

*Order denying motion for relief from judgment affirmed.*

---

[5] We do not reach the question whether the issue was properly raised in the defendant's brief as required by Mass.R.A.P. 16 (a) (4), as amended, effective February 24, 1975, 367 Mass. 921. Compare *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 (1958).