**David A. CLARKE, et al., Appellee,**

v.

**UNITED STATES of America, Appellant.**

No. 88–5439.

United States Court of Appeals, District of Columbia Circuit.

Feb. 8, 1990.

As Amended Feb. 23, 1990.

Michael J. Singer and Alfred Mollin, Washington, D.C., for appellants.

I. Michael Greenberger and Gregory E. Mize, Washington, D.C., for appellees.

Before EDWARDS and BUCKLEY, Circuit Judges, and ROBINSON, Senior Circuit Judge.

## ON APPELLANT'S MOTION TO VACATE ORDER DENYING REHEARING

### ORDER

For the reasons stated in the accompanying *per curiam* opinion, it is hereby

*ORDERED*, by the Court, that the Appellant's Motion to Vacate Order Denying Petition for Rehearing Pending Resolution of Matter on Consideration *En Banc* is formally taken under advisement pending the *en banc* court's decision whether to vacate *Clarke v. United States*, 886 F.2d 404 (1989), as moot.

Opinion for the Court filed *PER CURIAM*.

### PER CURIAM:

Before us is the motion of appellant United States ("the Government") to vacate our order denying rehearing in *Clarke v. United States*, 886 F.2d 404 (D.C.Cir.1989). On December 15, 1989, the same day that we denied the Government's petition for rehearing, the court voted *en banc* to consider the Government's Suggestion of Mootness and Motion to Vacate ("Motion to Vacate as Moot"). Noting that the ninety-day limitations period for seeking a writ of *certiorari* under 28 U.S.C. § 2101(c) (1982) "runs from the date of the denial of rehearing or the entry of a subsequent judgment entered on the rehearing," RULES OF THE SUPREME COURT OF THE UNITED STATES Rule 20.4, the Government urges us to vacate the order denying rehearing in order to toll the limitations period pending the *en banc* court's consideration of the Government's Motion to Vacate as Moot. Although we reject the Government's construction of the governing law, we are nonetheless constrained by this court's February 18, 1988 Notice Concerning *En Banc* Review ("Notice"). Therefore, for the reasons set forth below, we will take the Government's motion under advisement pending final judgment on the question of mootness by the *en banc* court.

### I.

Underlying the Government's present motion to vacate the panel order denying rehearing on *the merits* is the assumption that the *en banc* court's order to rehear *the mootness question alone* does not toll the limitations period for seeking Supreme Court review. This assumption is without foundation. In holding that a timely petition for rehearing tolls the limitations period under section 2101, the Supreme Court has explained that the petition "operates to suspend the finality of the [lower] court's judgment, pending the court's further determination *whether the judgment should be modified so as to alter its adjudication of the rights of the parties.*" *Department of Banking v. Pink*, 317 U.S. 264, 266, 63 S.Ct. 233, 234, 87 L.Ed. 254 (1942) (emphasis added). Because the Government's Motion to Vacate as Moot operates to suspend the finality of the judgment in *Clarke*, pending the *en banc* court's further determination whether

to alter the panel's adjudication of the rights of the parties, the Government's motion to vacate on mootness grounds has the same tolling effect under section 2101 as any other petition for rehearing. And insofar as we voted to reconsider this motion *en banc*, the time for seeking a writ of certiorari will not begin to run until "the entry of a subsequent judgment entered on the rehearing" of *that* motion. RULES OF THE SUPREME COURT OF THE UNITED STATES Rule 20.4.

This conclusion is firmly rooted in Supreme Court precedent. As the Court stated in *FCC v. League of Women Voters*, 468 U.S. 364, 104 S.Ct. 3106, 82 L.Ed.2d 278 (1984):

> We have observed ... that the filing of a petition for rehearing *or a motion to amend or alter the judgment* 'suspend[s] the finality of the [original] judgment,' thereby extending the time for filing a notice of appeal 'until [the lower court's] denial of the motion ... restores' that finality.

*Id.* at 373 n. 10, 104 S.Ct. at 3113 n. 10 (quoting *Communist Party v. Whitcomb*, 414 U.S. 441, 445, 94 S.Ct. 656, 659, 38 L.Ed.2d 635 (1974) (Court's emendations)) (emphasis added); *see also Leishman v. Associated Electric Co.*, 318 U.S. 203, 205, 63 S.Ct. 543, 544, 87 L.Ed. 714 (1943) (noting "the general rule that where a petition for rehearing, a motion for a new trial, *or a motion to vacate, amend, or modify a judgment* is seasonably made and entertained, *the time for appeal does not begin to run until the disposition of the motion.*" (emphasis added)). In other words, for tolling purposes, the caption of the pleading is immaterial so long as the pleading seeks "an 'alteration of the rights adjudicated.'" *United States v. Dieter*, 429 U.S. 6, 8–9, 97 S.Ct. 18, 19–20, 50 L.Ed.2d 8 (1976) (quoting *Pink*, 317 U.S. at 266, 63 S.Ct. at 234).

## II.

■ Nor does it matter that the Government's Motion to Vacate as Moot does not put *all* of the issues in *Clarke* before the *en banc* court. *See, e.g., Washington v. Confederated Tribes*, 447 U.S. 134, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980). In *Confederated Tribes*, the Court addressed the question "whether a motion for partial new trial renders nonfinal the District Court's holding on *all* issues between the parties, or merely renders nonfinal the disposition of those issues actually raised in the new trial motion." *Id.* 149, 100 S.Ct. at 2079. Reasoning that the latter conclusion would create "a procedural pitfall, devoid of any sound supporting rationale," the Court held that the motion for partial reconsideration tolled section 2101 for the entire case. *Id.* at 150, 100 S.Ct. at 2079. The Government's Motion to Vacate as Moot must similarly be understood to have tolled section 2101 with regard to the judgment on the merits in *Clarke*.

## III.

We recognize, however, that the foregoing conclusion arguably is in tension with the court's February 1988 Notice. The Notice provides

> that where *en banc* review is granted, pending that review the Court will not rule upon the petition for panel rehearing. This procedure is being implemented to prevent the time for filing a petition for *certiorari* from running before the *en banc* review is completed.

As the Government points out, this Notice appears to suppose that *en banc* consideration of a motion to alter or vacate the judgment does not toll the limitations period under section 2101 when a panel order denying rehearing remains outstanding. Although the Notice apparently was issued without any meaningful research and without the benefit of an actual controversy, we do not feel free simply to disregard it, notwithstanding our grave doubts about the legal premises on which it rests.

We therefore construe the Government's pending motion as a motion to reconsider our order denying rehearing in *Clarke* and take the motion under advisement pending the *en banc* court's completion of its consideration of the Government's Motion to Vacate as Moot. Because this disposition "suspend[s] the finality of the ... judgment" in *Clarke* pending our "determination whether the judgment should be modified so as to alter its adjudication of the

rights of the parties," *Pink,* 317 U.S. at 266, 63 S.Ct. at 234, it removes any doubt that the ninety-day time period for seeking a writ of *certiorari* is tolled. *See, e.g., Gypsy Oil Co. v. Escoe,* 275 U.S. 498, 499, 48 S.Ct. 112, 113, 72 L.Ed. 393 (1927) ("If ... a timely motion for leave to file [a] second petition [for rehearing] is granted, and the petition is actually entertained by the Court, then the time within which application may be made ... for certiorari begins to run from the day when the Court denies such second petition.").

*It is so ordered.*

BUCKLEY, Circuit Judge, concurring in the issuance of the court's order.

I concur in the issuance of the order taking the Government's motion under advisement for the reasons stated in the last paragraph of the accompanying *per curiam* opinion.