# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2024

Lyle W. Cayce
Clerk

———————

No. 24-20018

———————

WILMINGTON SAVINGS FUND SOCIETY, FSB, *doing business as Christiana Trust, as Trustee*,

*Plaintiff—Appellee,*

*versus*

LEEROY M. MYERS; BARBARA MYERS,

*Defendants—Appellants.*

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-88

———————————————————

PUBLISHED ORDER

Before HAYNES, WILLETT, and DUNCAN, *Circuit Judges.*

PER CURIAM:

Subject to a few exceptions, an appeal in a civil case must be filed within 30 days after entry of judgment. FED. R. APP. P. 4(a)(1)(A). A timely filed motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, however, can suspend the time for filing the notice of appeal. Once a party files a motion under Rule 59(e), "the time to file an appeal runs for all parties from the entry of the order disposing of

the last such remaining motion." FED. R. APP. P. 4(a)(4)(A). Thus, once the district court rules on the motion, the 30-day clock to file an appeal begins to run anew.

Successive motions under Rule 59(e), however, "will not indefinitely toll the prescribed period for filing a notice of appeal." *Trowel Trades Emp. Health and Welfare Trust Fund of Dade Cnty v. Nezelek, Inc.*, 645 F.2d 322, 326 (5th Cir. 1981). As one of our sister circuits put it, "A party may not continue to file Rule 59(e) motions in order to forestall the time for appealing; only the first motion stops the clock." *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006). So when a district court decides a Rule 59(e) motion but "does no more in the second judgment than make a clerical change, such as correct the names of parties or dates, the time for filing motions does not start to run from entry of the second judgment, but rather runs from the date of the first judgment." *Cornist v. Richland Parish Sch. Bd.*, 479 F.2d 37, 39 (5th Cir. 1973).

Yet sometimes a district court may make more than a mere clerical change to a judgment. In rare cases, the district court may, pursuant to a Rule 59(e) motion, "change[] matters of substance, or resolve[] a genuine ambiguity, in a judgment previously rendered." *Fed. Trade Comm'n v. Minneapolis–Honeywell Regulator Co.*, 344 U.S. 206, 211 (1952). In such cases, "the period within which an appeal must be taken . . . begin to run anew." *Id.* at 211–12. In other words, the order making such substantive changes is construed as a new judgment from which the 30-day appeal clock runs, and a party can suspend the time for filing a notice of appeal with another motion under Rule 59(e). If, in that case, a party files a second Rule 59(e) motion, the deadline to appeal will begin running once the district court decides *that* motion. *See* FED. R. APP. P. 4(a)(4).

In this case, defendants Leeroy and Barbara Myers filed two motions

under Rule 59(e), both seeking to amend the district court's final judgment. In their first motion, they argued, among many other things, that the district court's judgment was mislabeled because even though it purported to dispose of all claims and parties in the case, the title of the order did not signal that it was a final judgment. The heading instead read as follows (capitalization altered): "Plaintiff Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not Individually but as Trustee for Pretium Mortgage Acquisition Trust's Motion for Summary Judgment." The district court thus appears to have borrowed a title from an exhibit in the plaintiffs' motion for summary judgment as a title for its final judgment.

Recognizing the mistake, the district court partially granted the Myers' motion to amend, keeping the body of the order identical but revising the order's title to "Amended Final Judgment." In doing so, the district court explained that it was granting the Myers' request to amend the heading in order "to clarify [its prior order] as a final judgment." About a month later, the Myers filed another Rule 59(e) motion, reasserting many of their same arguments in their first motion but with "new evidence." The district court denied that motion on December 13, 2023, and the Myers filed their notice of appeal thirty days later, on January 12, 2024.

Plaintiff–appellee Wilmington Savings Fund Society, FSB, now argues that the Myers' appeal should be dismissed as untimely. According to Wilmington, the district court merely made a clerical change to its final judgment (*i.e.*, revised the title of the order), so the Myers' notice of appeal on January 12, 2024, ran well past 30 days after the district court granted in part and denied in part their first Rule 59(e) motion.

We disagree. Ordinarily, such minor changes to an order do not "disturb[] or revise[] legal rights and obligations" of the parties. *Honeywell*, 344 U.S. at 212; *see also Cornist*, 479 F.2d at 39. But other circuits have

3

applied *Honeywell*'s "genuine ambiguity" exception to circumstances in which there is "an ambiguity as to the legal effect of a court's order." *Conway v. United States*, 326 F.3d 1268, 1276 (Fed. Cir. 2003); *see also Taylor v. Continental Grp. Change in Control Severance Pay Plan*, 933 F.2d 1227, 1231 n.2 (3d Cir. 1991). Wilmington does not argue that we should depart from that understanding here, nor do we see any reason to ourselves, especially when the language of an order, including its title, is key to determining finality. *See Ueckert v. Guerra*, 38 F.4th 446, 450 (5th Cir. 2022). When the district court in this case granted the Myers' first Rule 59(e) motion, it sought to remove an ambiguity in the legal effect of its initial order—that is, to amend the title of the order and to clarify it as a final judgment.[*] The Myers' notice of appeal, dated January 12, 2016, was filed within 30 days of the district court's December 13, 2023, order denying their second Rule 59(e) motion—and is thus timely.

We accordingly DENY Wilmington's motion to dismiss.

---

[*] There is, to be sure, a facial parallel between this case and *Honeywell*, insofar as the lower court could be said to have merely revised the "label" of the order being appealed. *See Honeywell*, 344 U.S. at 212–13. But unlike *Honeywell*, in which the court of appeals simply "reiterated" its prior order, *id.* at 212, there was in this case a clear discrepancy between the label and the body of the district court's order. We prefer to dispose of appeals on the merits when possible, *see DeMelo v. Woolsey, Marine Industries, Inc.*, 677 F.2d 1030, 1033–34 (5th Cir. 1982), and the discrepancy in the district court's order arguably created an ambiguity.