**Daniel N. MONDROW, Appellant,**

v.

**FOUNTAIN HOUSE and Bernard I. Waters.**

**No. 88–1504.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 6, 1989.

Decided Feb. 15, 1989.

Niels Korup, Spector, Cohen, Gadon & Rosen, P.C., Philadelphia, Pa., for appellant.

Robert J. Spiegel, Gratz, Tate, Spiegel, Ervin & Ruthrauff, Philadelphia, Pa., for appellees.

Before SLOVITER, BECKER and WEIS, Circuit Judges.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

I.

This appeal arises out of an action by plaintiff/appellant Daniel Mondrow, the

---

purchaser of two units in a limited partnership for the purchase and operation of an apartment house, against Fountain House, the limited partnership, and Bernard Waters, a general partner, alleging that defendants violated various state and federal securities laws. Defendants have asserted a counterclaim on a note executed by Mondrow.

At the close of Mondrow's case, the district court granted defendants' motion for a directed verdict on all of Mondrow's claims. The district court also directed a verdict for defendants on their counterclaim. Judgment was entered on April 18, 1988. On appeal, Mondrow contends that the district court erred because there was sufficient evidence to take his case to the jury. Because we conclude that we do not have jurisdiction, we do not reach the merits of this appeal.

## II.

The court's order for a directed verdict judgment in favor of defendants in Mondrow's action and against Mondrow on the counterclaim was entered on the docket on April 18, 1988. On April 29, 1988, Mondrow filed a motion for a new trial pursuant to Fed.R.Civ.P. 59, which was served the same day. On June 17, 1988, while this motion was still pending, plaintiff filed a notice of appeal.

The district court never decided the April 29 motion. Instead, the court, in a memorandum opinion dated August 22, 1988 [1988 WL 88083], stated that "[b]ecause of the pendency of the appeal, no action will be taken on the outstanding motions." On October 17, 1988, the district court issued an order declaring the outstanding Rule 59 motion moot.

## III.

■ Federal Rule of Appellate Procedure 4(a)(4) provides, in pertinent part:

(4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

Applying this rule, the Supreme Court has stated that a notice of appeal filed during the pendency of a post-trial motion is "a nullity.... [I]t is as if no notice of appeal were filed at all." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982). Absent a properly filed notice of appeal, this court cannot assume jurisdiction. Thus, if the notice of appeal in this case was filed before the district court ruled on a timely Rule 59 motion, we do not have jurisdiction. *See First Jersey Nat'l Bank v. Dome Petroleum, Ltd.*, 723 F.2d 335, 337 (3d Cir.1983).

The only remaining question is whether the plaintiff's Rule 59 motion was timely. If it was not timely, then it would not toll the time for filing a notice of appeal. *See de la Fuente v. Central Elec. Coop.*, 703 F.2d 63, 65 (3d Cir.1983).

Rule 59(b) provides that "[a] motion for a new trial shall be served not later than 10 days after the entry of the judgment." In calculating whether the motion was served within ten days, Rule 6(a) of the Federal Rules of Civil Procedure provides, in pertinent part, "In computing any period of time prescribed or allowed by these rules, ... [w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

Based on these computation guidelines, the plaintiff's motion for a new trial was timely served. The directed verdict was entered on Monday, April 18; the motion for a new trial was served on Friday, April 29. The Rule 59 motion was served on the ninth "working day" after the entry of the order. Accordingly, the Rule 59 motion was timely served. It follows that the notice of appeal was premature, and this

court does not have jurisdiction to consider the merits of the appeal.

The motion for a new trial remains pending in the district court. The district court erred in concluding that the filing of the notice of appeal mooted the Rule 59 motion. *See Sine v. Local 992, Int'l Bhd. of Teamsters,* 790 F.2d 1095, 1098 (4th Cir. 1986). Unlike a timely notice of appeal, a premature notice of appeal does not divest the district court of jurisdiction. *See Venen v. Sweet,* 758 F.2d 117, 121 (3d Cir.1985); *Non–Punitive Segregation Inmates v. Kelly,* 589 F.Supp. 1330, 1333 (E.D.Pa. 1984), *aff'd without opinion,* 845 F.2d 1014 (3d Cir.1988). Since a district court, when faced with a notice of appeal, has jurisdiction to characterize a post-trial motion as one filed under Rule 59(e) or 60(b), *id.,* 589 F.Supp. at 1333–34, *a fortiori* it has jurisdiction to consider a timely Rule 59(e) motion and rule on it just as it would have done if no notice of appeal had been filed.

We recognize that a district court may be reluctant to proceed when, in order to do so, it must in effect determine that the court of appeals has no jurisdiction. Nevertheless, such a procedure has the salutary effect of avoiding delay at the trial level during the pendency of an ineffective appeal. While this is not an invitation for district courts to resolve thorny issues of appellate jurisdiction, the application of the *Griggs* rule is sufficiently clear, and the interest in expediting cases sufficiently strong, that the district courts should continue to exercise their jurisdiction when faced with clearly premature notices of appeal.

### IV.

For the foregoing reasons, this appeal will be dismissed without prejudice to the parties' right to file a new notice of appeal once the district court rules on the outstanding motion.