890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy Franklin PLEMONS, Plaintiff-Appellant,
v.
R.H. JOHNSON, Monroe County Sheriff; John Hitson; Dan
Dixon; Bill Grayson; Robert Watson; Tom Butler;
Ron Conley; Monroe County, Tennessee,
Defendants-Appellees.
 No. 89-5782.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1989.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's September 14, 1989, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction because of a late notice of appeal. Appellant's response states that he is not knowledgeable in the law and thought he had thirty days to file a motion for new trial and thirty days from the denial of new trial to appeal. Appellant has also filed a motion for leave to proceed on appeal in forma pauperis.
 
 
 2
 It appears from the record that the judgment was entered March 17, 1989. A motion for new trial was served April 14, 1989, which was outside the ten-day period prescribed by Fed.R.Civ.P. 59(b), and it failed to toll the appeal period as provided by Fed.R.App.P. 4(a)(4). See Mondrow v. Fountain House, 867 F.2d 798, 799 (3d Cir.1989). The motion for new trial was denied by order entered May 25, 1989. The notice of appeal filed on June 20, 1989, from the March 17, 1989, judgment and the May 25, 1989, order denying a new trial, was sixty-four days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 3
 Although the notice of appeal was filed within thirty days of the order denying new trial, such an order is not appealable and can be reviewed on appeal only from a final judgment. See Pate v. Seaboard R.R., Inc., 819 F.2d 1074, 1077 n. 4 (11th Cir.1987); Champeau v. Fruehauf Corp., 814 F.2d 1271, 1273 n. 1 (8th Cir.1987); Johnson v. University of Wis.--Wilwaukee, 783 F.2d 59, 61 (7th Cir.1986).
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 Accordingly, it is ORDERED that the motion to proceed on appeal in forma pauperis be denied and the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.