**JAMES CALLWOOD, Petitioner**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Respondent**

Criminal Nos. 83-127 & 83-136

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 2, 1990

JAMES CALLWOOD, *petitioner pro se*

TERRY HALPERN, United States Attorney, *for respondent*

NIELSEN, *District Judge*

### ORDER

THIS MATTER comes before the Court on pro se petitioner James Callwood's ("Callwood") motion to alter or amend judgment

filed pursuant to Fed. R. Civ. P. 59(e). No response thereto has been filed by the respondent, Government of the Virgin Islands. It is with reluctance that we deny Callwood's motion.

## DISCUSSION

Callwood's motion to alter or amend asks that the Court reconsider its March 2, 1990 order of dismissal.[1] He contends that the Court wrongly denied his Section 2255 motion because it did not allow him extra time in which to file a traverse to respondent's motion to dismiss. In retrospect, we are inclined to agree with Callwood and undertake review of his traverse.[2] Nonetheless, we are without jurisdiction to do so.

■ Fed. R. Civ. P. 59(e) provides that "(a) motion to alter or amend judgment shall be served no later than 10 days after entry of judgment." Our perusal of Callwood's motion finds that he signed the motion's certificate of service on March 21, 1990. The motion to alter or amend judgment was then received by this Court on March 28, 1990. Even if we are to give Callwood the benefit of the doubt and calculate his motion's timeliness by the date of the certificate of service,[3] his motion remains untimely. We thus are without jurisdiction to consider Callwood's Rule 59(e) motion.

■ The Court is aware that its strict construction of Rule 59(e) may seem harsh in light of Callwood's pro se status. Nonetheless, the Third Circuit remains adamant that this provision is to be strictly followed: "We emphasize that the district courts are without authority to act on untimely 59(e) motions." Smith, 853 F.2d at 161, n. 3. We thus lack any discretion with which to entertain Callwood's motion.[4] Id. at 157. See also Fed. R. Civ. P. 6(b).

---

[1] In our order of March 2, 1990, the Court summarily denied Callwood's May 10, 1989 motion to vacate filed pursuant to 28 U.S.C. § 2255. We also denied Callwood's "amended 2255 motion" and another 2255 motion that was filed with the Court on August 2, 1989.

[2] Callwood filed a petitioner's traverse to respondent's motion to dismiss Section 2255 motion with the Court on March 27, 1990.

[3] See Smith v. Evans, 853 F.2d 155, 162 (3d Cir. 1988).

[4] Moreover, we are unable to address Callwood's Rule 59(e) motion as one filed under Rule 60(b). In certain circumstances, this Court has the jurisdiction to "characterize a post-trial motion as one filed under Rule 59(e) or 60(b)." Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989). However, Callwood very clearly captioned his motion as one to alter or amend pursuant to Rule 59(e) and

■  Nonetheless, our refusal to hear Callwood's motion does not leave him without an outlet for relief. On April 4, 1990, Callwood filed a notice of appeal with the Court of Appeals for the Third Circuit. Normally, the filing of a timely Rule 59(e) motion would render any subsequent notice of appeal a nullity. See, Fed. R. App. 4(a)(4);[5] Mondrow v. Fountain House, 867 F.2d at 799. However, because Callwood's motion is untimely, the notice of appeal remains properly filed and may be considered by the Third Circuit.

Therefore, the premises being considered and the Court being fully advised,

IT IS ORDERED:

THAT pro se petitioner James Callwood's motion to alter or amend judgment is DENIED.

---

its purpose is clearly to "relitigate the original issue." Smith, 853 F.2d at 158. We therefore are constrained to review Callwood's motion as filed pursuant to Rule 59(e). See Id. at n.2.

[5] Fed. R. App. P. 4(a)(4) provides in pertinent part:

[i]f a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... (iii) under Rule 59 to alter or amend judgment ... [a] notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion ....