**BENSALEM TOWNSHIP**

v.

**INTERNATIONAL SURPLUS LINES INSURANCE CO., et al.**

**Civ. A. No. 91–5315.**

United States District Court,
E.D. Pennsylvania.

Jan. 14, 1993.

Neil A. Morris, Neil A. Morris Associates, Philadelphia, PA, for plaintiff.

Peter G. Thompson, Douglas R.M. Nazarian, Ross, Dixon & Masback, Washington, DC, for defendants.

## MEMORANDUM

DALZELL, District Judge.

This matter is before us by virtue of an order of the Court of Appeals to close a small lacuna created by plaintiff's submissions to us after we dismissed this action pursuant to Fed.R.Civ.P. 12(b)(6) on June 15, 1992. Although the modest requested step is, as both sides agree, purely ministerial, before we take it we must resolve a pending motion of the defendants pursuant to Fed.R.Civ.P. 11, in accordance with the supervisory rule of our Court of Appeals in *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 100 (3d Cir.1988), "to eliminate additional appeals."

*Background*

On June 15, 1992, we granted the Insurers' motion to dismiss this declaratory judgment coverage action for failure to state a claim upon which relief can be granted. Eight days later, the Township filed with us a letter seeking "an amended order" to state that the dismissal was without prejudice and "an order" to state that the Rule 12 dismissal was applicable to all of the Township's claims against defendant Crum & Forster Managers Corporation as well as to its claim against defendant International Surplus Lines Insurance Company (these two defendants are hereinafter referred to as "the Insurers"). Shortly thereafter, the Township filed both its letter and a motion for leave to file an amended complaint.

In order to decide all of the issues we believed were before us with this post-decision letter/motion, we on July 8, 1992, entered an Order which provided, in relevant part, that:

> it appearing that the Court has already rendered an adjudication on the merits in this action, *see* Memorandum and Order dated June 15, 1992 and Fed.R.Civ.P. 41(b), it is ORDERED that the motion is

DENIED and that plaintiff's amended complaint shall be STRICKEN.

On July 9, 1992, the Clerk of Court duly docketed this Order.

On July 8, however, the Township filed and served a notice of appeal from our June 15, 1992 Order. On September 9, the Insurers filed a motion to dismiss the appeal for lack of jurisdiction, contending that the Township's June 23 letter/motion for clarification of, and changes to, the June 15 Order was a timely motion under Fed.R.Civ.P. 59(e) that tolled the appeal period, and that, consequently, the notice of appeal was premature and of no effect under Fed.R.App.P. 4(a)(4). The Insurers further argued that the Order docketed on July 9 disposed of all pending motions and thereby started the thirty day appeal period, and no new notice of appeal was filed within thirty days of July 9, 1992.

On October 13, 1992, the motions panel of the Court of Appeals granted the motion to dismiss for want of jurisdiction, but gave no explanation of its action.

On October 26, 1992, the Township filed with the Court of Appeals a petition for rehearing before the panel and for rehearing en banc (the "petition for rehearing"). Four days later, the Township also filed with this Court a document it styled a "motion to determine Rule 59(e)" motion (the October 30 motion). The Township's October 30 motion with this Court occasioned the Insurers' opposition, which noted our lack of jurisdiction while the petition for rehearing was pending in the Court of Appeals. Since it seemed to us clear that we were divested of jurisdiction, we on November 24 denied the Township's October 30 motion for lack of jurisdiction.

In connection with its opposition to the Township's October 30 motion, however, the Insurers also filed a cross-motion for sanctions pursuant to Fed.R.Civ.P. 11. It is this motion that we must decide here.

It is of more than passing relevance to note that on November 30, 1992, the panel in the Court of Appeals, consisting of Judges Stapleton, Nygaard and Seitz, granted rehearing "in order to clarify the

basis for its order dismissing the appeal for want of jurisdiction". Paragraph 10 of the panel's November 30 Order stated, in full:

> The June 23, 1992, letter to the court was a timely Rule 59(e) motion which tolled the 30 day appeal period. An order disposing of that motion has never been entered by the district court. It follows that the July 8th notice of appeal was premature and of no effect. FRAP 4(a)(4). Upon disposition of the pending motion by the district court, a new notice of appeal will be required to perfect the appeal.

Whereupon the mandate issued on December 7, and the case returned to us.

*Legal Analysis*

The essence of the Insurers' cross-motion under Rule 11 is that their expense in responding to the October 30 motion represented a pure waste of money because it was clear beyond legal doubt that this Court had no jurisdiction while the petition for rehearing was pending in the Court of Appeals. The Insurers argue that "even cursory research would have revealed this jurisdictional defect" and that the October 30 motion "needlessly forced the Insurers to respond on short notice and at considerable expense." *See* the Defendants' Response to the Court's Order of December 14, 1992, filed on December 21, 1992, at 1. After hearing oral argument on December 23, and receiving supplemental submissions on January 6, we have concluded that the Insurers' argument is well-taken.

A. *A party cannot proceed in the district court while action is pending in the Court of Appeals.*

Although the Court of Appeals entered its one-sentence Judgment Order granting the motion to dismiss the appeal on October 13, 1992, it seems clear that the Order did not immediately confer jurisdiction back to the district court. Federal Rule of Appellate Procedure 41(a) states that "The mandate of the court shall issue 21 days after the entry of judgment unless the time is shortened or enlarged by order." No such order shortening or enlarging the

Rule 41(a) time was entered here. Fed.R.App.P. 41(a) also states that:

> The timely filing of a petition for rehearing will stay the mandate until disposition of the petition unless otherwise ordered by the court. If the petition is denied, the mandate shall issue 7 days after entry of the order denying the petition unless the time is shortened or enlarged by order.

Professors Wright and Miller (and their colleagues) explain the reason for the delay in issuing the mandate:

> The mandate is directed to the district court, which upon receipt of the mandate can take whatever further proceedings are appropriate or necessary in light of the mandate. Until the mandate issues, however, the case ordinarily remains within the jurisdiction of the court of appeals and the district court lacks power to proceed further with respect to the matters involved with the appeal
>
> . . . .
>
> The 21–day period that precedes the issuance of the mandate is designed to allow sufficient time for the timely filing of a petition for rehearing.

16 Charles A. Wright, *et al., Federal Practice and Procedure* § 3987 (1977 and Supp. 1992 at 746–747). *See also In the Matter of Thorp,* 655 F.2d 997 (9th Cir.1981).

The Supreme Court has never to our knowledge retreated from its statement in *Department of Banking of Nebraska v. Pink,* 317 U.S. 264, 266, 63 S.Ct. 233, 234, 87 L.Ed. 254 (1942), that:

> [a] timely petition for rehearing ... operates to suspend the finality of the ... [appellate] court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties.

*See also Missouri v. Jenkins,* 495 U.S. 33, 45, 110 S.Ct. 1651, 1659–60, 109 L.Ed.2d 31 (1990).

██ It will be noted that the Township filed its petition for rehearing on October 26, 1992, one day before the Fed.R.App.P. 40(a) fourteen-day period expired. By its action, the Township's timely petition for

rehearing assured that the controversy remained subject to the exclusive jurisdiction of the Court of Appeals until after the rehearing petition was determined, an event that did not occur until November 30, 1992. Thus, we did not resume jurisdiction of this case until December 7, 1992.

■ Had the Township not made its duplicative filing [1] of October 30, 1992 with us, the Insurers would have incurred *no* expense in responding to the petition for rehearing. Fed.R.App.P. 40(a) provides that, "No answer to a petition for rehearing will be received unless requested by the court, but a petition for rehearing will ordinarily not be granted in the absence of such a request." It was confirmed at the December 23 oral argument that the Insurers were never ordered to answer the Township's petition for rehearing. Thus, had the Township been content with the jurisdiction of the Court of Appeals, the Insurers would have spent nothing further in response to the petition for rehearing.

Once the Township filed its October 30 motion with us, however, the Insurers could not wait for an order from the Court of Appeals directing an answer to the petition for rehearing. To the contrary, Local Rule of Civil Procedure 20(c) requires that, "absent a timely response, the motion may be treated as uncontested", a risk no advocate could responsibly take with its client's fortunes. The Insurers therefore filed their response, which convinced us that we were divested of jurisdiction to take any action on the Township's October 30 motion.

Having sought rehearing in the Court of Appeals, the Township chose to pursue its rights in that tribunal. As we noted when we denied the October 30 motion for lack of jurisdiction, it is firmly established in federal jurisprudence that a party simply cannot litigate the same question simultaneously in two levels of the federal system. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 401–02,

74 L.Ed.2d 225 (1982) (*per curiam*). The Township's petition for rehearing thus required it to give up any rights that may have existed to proceed in the district court, at least so long as the Court of Appeals was considering the petition for rehearing. *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir.1985). If any doubt could have existed immediately after the Court of Appeals granted the motion to dismiss on October 13, it came to an end on October 26 when the Township elected to file its petition for rehearing. The Court of Appeals manifestly accepted that jurisdiction, since it acted in the Township's favor on November 30. Thus, whatever state of uncertainty may have existed for the Township prior to October 26, the Township has not proffered any rational reason to support its tactic of filing its October 30 motion after it lodged its petition for rehearing in the Court of Appeals.

The Township justifies its October 30 motion almost entirely upon the authority of *Mondrow v. Fountain House*, 867 F.2d 798 (3d Cir.1989). We find *Mondrow* to be inapposite. In *Mondrow*, the district court held that it had no jurisdiction when an undisguised Rule 59 motion had been filed but the movant had also filed a notice of appeal. By contrast, when the issue here was not only still pending in the Court of Appeals but the Township had invoked that Court's jurisdiction by filing its petition for rehearing, the Township could not *at the same time* seek the same relief from us. While *Mondrow* or, conceivably, Fed. R.App.P. 10(e) might have been authority to seek clarification from us once the Insurers filed their September 9, 1992 motion to dismiss the appeal, it ceased to be authority once (a) the Court of Appeals in fact acted and (b) the Township petitioned the Court of Appeals for more action.

It is also worth noting that *Mondrow* stands for the very proposition we have enunciated, and that is that, absent circumstances not present here,[2] only one level of

---

1. The Township refers to this action with the apt malapropism, "duel filing." See Plaintiff's January 6, 1993 Brief Concerning Sanctions at 6.

2. "The district court retains jurisdiction, for example, to issue orders staying, modifying or granting injunctions, to direct the filing of supersedeas bonds, and to issue orders affecting

the federal judicial system can have jurisdiction over a case at any given time.

It is well-settled in this Circuit that the standard of reasonableness in evaluating a lawyer's conduct under Rule 11 is " 'an objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well grounded in law and fact." *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir.) (quoting *Jones v. Pittsburgh National Corp.*, 899 F.2d 1350, 1359 (3d Cir.1990)), *cert. denied sub nom. Altran Corp. v. Ford Motor Co.*, —— U.S. ——, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991). *See also Business Guides, Inc. v. Chromatic Communications Ent., Inc.*, 498 U.S. 533, ——, 111 S.Ct. 922, 933, 112 L.Ed.2d 1140 (1991). We believe the Township's counsel did not satisfy that "objective" test.

While the Township described its October 30 motion as an "alternative" to its October 26 petition in the Court of Appeals, *see* the Township's brief in support of its October 30 motion at 4, the most superficial jurisdictional research would have demonstrated to the Township that the district court has no "alternative" jurisdiction when a case remains pending in the Court of Appeals (or, for that matter, in the Supreme Court). *See, e.g., Griggs, supra,* 459 U.S. at 58, 103 S.Ct. at 402; *Lingle, supra,* 847 F.2d at 97; *Venen,* 758 F.2d at 120. The Township's duplicative October 30 motion thus caused the Insurers to suffer the pure waste of responding when, as events proved, simple patience would have won for the Township the relief it wanted without any further expense to the Insurers.

Since the Township's action in making the parallel filing was without merit and basic research would have revealed that conclusion, the Insurers' cross-motion must be granted.

### B. *The Amount of Sanctions.*

The Township's failure to " 'stop, think, investigate, and research' beforehand the

legal foundation of its filing," *Langer v. Monarch Life Ins. Co.,* 966 F.2d 786, 810 (3d Cir.1992), required the Insurers to file a substantial and, we found, persuasive memorandum that demonstrated our lack of jurisdiction. While the fundamental jurisdictional issue was straightforward, the Insurers properly canvassed the bizarre consequences of the Township's attempt to have two levels of the federal judicial system acting simultaneously on the same case. Put another way, precisely because the Township had created such a Byzantine problem with its duplicative October 30 filing, that action reasonably occasioned significant legal effort from the Insurers to refute an untenable jurisdictional position.

In response to our oral order of December 23, the Insurers have submitted an affidavit of Douglas R.M. Nazarian, Esq., that describes in detail 39.9 hours of counsel time incurred. Mr. Nazarian's affidavit states that his hourly rate is $130 and Charles I. Hadden's is $160. Together with the 0.6 hours of local counsel time at $148 per hour, the Insurers seek $5,638.60 in fees related to their opposition to the Township's October 30 motion.

In response to the Insurers' fee request, the Township has made a number of charges that, at least in our experience, are unique in their venomousness. For example, with respect to Mr. Nazarian's $130 hourly rate, the Township without any basis states that "defendants' counsel probably pumped it up" for purposes of obtaining sanctions, Township's January 6 brief at 3. The Insurers have represented to us that the rate "we have submitted is based, to the penny, on the amount we will charge our client for the time involved," and that this rate itself "involves substantial discounts off of our full commercial rates", and we will accept that representation as part of our ruling on the appropriate amount of sanctions.[3]

---

the record on appeal, the granting of bail, and matters of a similar nature." *Lingle, supra,* 847 F.2d at 97 (citations omitted).

**3.** We have no difficulty crediting the Insurers' counsel's representation to us because of the

unfailing and exemplary candor these lawyers have demonstrated throughout this case. For example, despite our observation at the December 23 argument that 28 U.S.C. § 1927 might literally apply to the unreasonable multiplica-

Were it not for the Township's accusations of unethical behavior, we would be inclined substantially to discount the amount of sanctions to reflect what, charitably construed, may have been a panicked overreaction on the Township's part in late October of 1992 to what it feared to be a decision that was disastrous to its interests.[4] In view of the Township's intemperate claims against the Insurers' counsel, however, we do not want any discount to be construed as our finding any merit in these baseless assertions of fabricated hourly rates.

We are mindful that the issue of Rule 11 sanctions is, while most serious to the parties, their counsel, and the Court, an issue collateral to the merits of the case. The parties' hot contention about the amount of the Insurers' fees cannot be allowed to become the main scene of this drama. Thus, although we have accepted the hourly rates the Insurers' counsel proffered, and we believe the Township was responsible for the Insurers' pure waste of legal expense in responding to the October 30 motion, we have concluded that the "appropriate sanction" within the meaning of Rule 11 should be $2,000.

*Conclusion*

In order to avoid confusion on a most fundamental issue, the Supreme Court has, by its promulgation of the Federal Rules of Appellate Procedure and through its decisions, made clear that absent extraordinary circumstances, only one federal court at a time has jurisdiction over a given case. Our Court of Appeals has been equally clear and consistent on this important point. The Township's attempt here to have the district court and Court of Appeals move on parallel tracks was without any basis, as perfunctory legal research should have shown it. By seeking action in the district court after it had elected to file a petition for rehearing in the Court of Appeals, the Township forced the Insurers to incur completely needless legal expense. At a minimum, Fed.R.Civ.P. 11 exists to avoid precisely such a result, and that is why the Township's conduct here persuaded us to depart from our usual reluctance to impose sanctions under the Rule.

### ORDER

AND NOW, this 14th day of January, 1993, upon consideration of defendants' cross-motion for sanctions, plaintiff's opposition, and after oral argument and supplemental briefing, it is hereby ORDERED that the cross-motion is GRANTED and it is FURTHER ORDERED that defendants are awarded $2,000 as an appropriate sanction against plaintiff pursuant to Fed.R.Civ.P. 11.

---

tion of "proceedings" in October, the Insurers' counsel on January 6 brought to our attention the Court of Appeals' consistent gloss on § 1927 to require "a finding of willful bad faith on the part of the offending lawyer", *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir.1991), cited, with other Third Circuit cases, in Defendants' Supplemental Memorandum Regarding 28 U.S.C. § 1927 at 2, and added that "the Insurers agreed with the Court at oral argument that the

Township did not file [the October 30 motion] in bad faith," *id.* at 2–3.

4. Based upon the Insurers' arguments on their motion to dismiss the appeal, the Township could well have interpreted the October 13 judgment to mean that it would never gain a review of the merits of our June 15, 1992 decision.