**Aristides MARTINEZ**

v.

**QUALITY VALUE CONVENIENCE, INC. a/k/a QVC Cable Television Network.**

No. Civ.A. 96–7715.

United States District Court, E.D. Pennsylvania.

Sept. 7, 1999.

Aristides Martinez, Princeton, NJ, Plaintiff Pro se.

Michael G. Tierce, Jo Bennett, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa, for Quality Value Convenience, Inc. a/k/a QVC Cable Television Network, Defendant.

Brian Matthew Rhodes, Philadelphia, PA, for Equal Employment Opportunity Commission, Movant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

■ Presently before the court in this employment discrimination action are cross-motions for reconsideration arising from my Order of February 12, 1999 ("the Order") and plaintiff's motion for leave to file a supplemental memorandum of law in support of his motion for reconsideration. The Order granted summary judgment to defendant QVC on plaintiff's claims of age discrimination. QVC does not contest the grant of summary judgment on the age discrimination claims, but moves this court to reconsider the denial of its motion for leave to file a supplemental memorandum of law, which asked the court to grant summary judgment on plaintiff's claims of race and national origin discrimination as well. Martinez asks this court to reconsider the reasoning that led to the grant of summary judgment on the age discrimination claims.[1] For the reasons set forth below, I will reconsider the Order.

## I. Procedural History

The chronology of motions leading up to the grant of summary judgment is somewhat complex. On December 19, 1997, QVC filed a motion for partial summary judgment (docket # 16), arguing that Martinez had not exhausted his administrative remedies related to his claims of race and national origin discrimination and that certain of Martinez's state law claims were not cognizable. Martinez thrice requested an extension of time. *See* docket nos. 17, 20, 24. Martinez was given until April 6, 1998 to respond and a dispositive motion deadline of April 29, 1998 was set. Docket # 26, # 30.

On April 29, 1998, QVC filed a second motion for summary judgment, arguing that Martinez had neither established a prima facie claim of age discrimination nor rebutted QVC's legitimate nondiscriminatory explanations for its failure to hire him. Docket # 36. Martinez was directed to respond to the second motion for summary judgment by May 21, 1998. Docket # 37.

Martinez responded to the first motion for summary judgment on May 22, 1998. Docket # 39. The first motion for summary judgment was granted as to the state law claims but denied as to the age discrimination claims. Docket # 42.

QVC then filed a motion for leave to file a supplemental memorandum of law in support of its second motion for summary judgment. Docket # 43. The motion for leave to file a supplemental memorandum of law—filed on October 9, 1998, more than five months after the dispositive motion deadline had passed—asked this court to find that Martinez had failed to establish a prima facie case or come foreword with evidence sufficient to cast doubt on the legitimacy of QVC's nondiscriminatory explanations with respect not only to Martinez's claims of age discrimination (the

---

1. Martinez has filed a notice of appeal from the Order of February 12, 1999. Docket # 59. Ordinarily, a notice of appeal divests the district court of jurisdiction. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). However, "a premature notice of appeal does not divest the district court of jurisdiction." *Mondrow v. Fountain House,* 867 F.2d 798, 800 (3d Cir.1989). A district court "should continue to exercise [its] jurisdiction when faced with clearly premature notices of appeal." *Id.* Because Martinez's notice of appeal was filed before a final order was issued—and the notice was therefore "clearly premature"—this court maintains jurisdiction over the action.

subject of the original summary judgment motion), but also with respect to Martinez's claims of race and national origin discrimination. Martinez twice requested an extension of time and, following a hearing, was granted until December 1, 1998 to respond to the pending motion for summary judgment. Docket nos. 44, 45, 47, 48. Martinez responded on December 1, 1998. Docket # 49. QVC replied on December 14, 1998. Docket # 50. On February 16, 1999, I granted QVC's motion for summary judgment as to the age discrimination claims and dismissed as moot QVC's motion for leave to file a supplemental memorandum of law. Each side filed a motion for reconsideration of the Order. Docket nos. 63 & 67. On June 1, 1999, Martinez filed a motion for leave to file a supplemental memorandum of law in support of his motion for reconsideration; the supplemental memorandum of law that he sought to have the court consider was attached to the motion. Docket # 70.

## II. Discussion

### A. Martinez's Motion for Reconsideration

■ The bulk of Martinez's submissions reargue the positions he presented in his brief in opposition to the motion for summary judgment. Martinez has not alerted this court to an intervening change in controlling law or any clear error of law or manifest injustice. Mere disagreement with this court's decision is not enough to grant a motion for reconsideration. *See Bermingham v. Sony Corp.*, 820 F.Supp. 834, 856 (D.N.J.1992), *aff'd* 37 F.3d 1485 (3d Cir.1994). However, in the memorandum attached to his motion for leave to file a supplemental memorandum of law in support of his motion for reconsideration of the Order, Martinez purports to supply "new evidence recently obtained." Pl. Mem. at 2. A review of the memorandum reveals that neither it nor the attached documentary exhibits provide anything that is "new" in any relevant respect.

While Martinez does supply several trade paper advertisements for editor and technical director positions that appear not to have been produced as part of any submission to the court over the past two years, the advertisements track in all relevant respects those considered by the court in the Order. Accordingly, Martinez's motion is denied in an order accompanying this memorandum.

### B. QVC's Motion for Reconsideration

■ QVC argues that my decision to deny as moot its motion for leave to file a supplemental memorandum of law was fundamentally unfair. While I do not think the order was fundamentally unfair, I am now convinced that the decision was not in accord with the spirit—if not the letter—of the Federal Rules. Accordingly, in an order accompanying this memorandum I grant the motion for leave to file a supplemental memorandum.

The motion for leave to file a supplemental memorandum of law was accompanied by the supplemental memorandum that QVC hoped to receive permission to file. That supplemental memorandum argued that, based on Martinez's failure to come forward with a substantive case of race or national origin discrimination, summary judgment was warranted not only on Martinez's claims of age discrimination, but on his claims of race and national origin discrimination as well. Though the motion to amend was filed before Martinez had responded to the second motion for summary judgment and before I had ruled on the first motion for summary judgment, the deadline for dispositive motions had passed.

I denied the motion for leave to file a supplemental memorandum because it appeared to be an attempt to file a third summary judgment motion after the dispositive motion deadline had passed. QVC has not pointed to any fact that leads me to question that characterization.[2] Never-

---

**2.** QVC asserts that it argued in its first summary judgment motion that, regarding race or

theless, I do not think that either fairness or efficiency will be served by dismissing the motion for leave to file a supplemental memorandum.

■ Though none of the Federal Rules of Civil Procedure speaks directly to the question of amendment of motions, the proposition that "[a] motion is subject to 'timely' amendment" is widely shared. 5 Wright and Miller § 1194 (1990) ("Amendment of Motions"). QVC's motion for leave to file a supplemental memorandum—in essence, a motion to amend its second motion for partial summary judgment to encompass Martinez's claims based on race and national origin discrimination—appeared to be untimely for two reasons: it was filed five months after the motion that it sought to amend, and it was filed after the deadline for dispositive motions had passed. However, QVC did file its motion to amend before Martinez responded to the initial motion. In light of the many extensions granted to plaintiff, it does not appear inappropriate to construe the mo-

tion to amend as having encompassed a motion for leave to extend the dispositive motion deadline nunc pro tunc.[3]

■ Such a construction does not erode the substantive rights of either party, since the requirements for a prima facie case of race or national origin discrimination under Title VII are similar to the requirements for a prima facie case of age discrimination. "The plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).[4]

### C. Reconsideration of the Order

In his memorandum in opposition to QVC's second motion for summary judgment—filed after QVC moved to file the supplemental brief—Martinez appears to

---

national origin discrimination, Martinez had either not established a prima facie case or not raised a significant doubt about QVC's proffered explanation of race or national origin discrimination. Because my memorandum/order on the motion spoke only to the question of administrative exhaustion, QVC argues, fairness dictates that I now grant its motion to file a supplemental memorandum. Despite repeated reviews of QVC's first summary judgment motion, I have not discovered the arguments to which QVC refers.

3. In the ordinary course of events, a motion for leave to file a supplementary memorandum is not construed as encompassing a motion for leave to extend a dispositive motion deadline nunc pro tunc. Here, however—assuming, arguendo, that the motion for leave to file a supplementary memorandum would, if granted, bring to this court arguments of substantive merit—choosing not to construe the motion as encompassing a motion for leave to extend a dispositive motion deadline nunc pro tunc would merely require the parties to proceed to a jury trial at which—absent introduction of evidence not disclosed in the more than two years of contested discovery in this case—the court might well be obliged to grant a motion for judgment as a matter of law. The Federal Rules should not

be read to require such a scripted exercise. See Fed.R.Civ.Pro. 1 (Federal Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."). Cf. Fed.R.Civ.Pro. 50(a)(2) ("Motions for judgment as a matter of law may be made *at any time* before submission of the case to the jury.") (emphasis added).

4. Generally, the plaintiff does so by showing "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas v. Green*, 411 U.S., 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As *McDonnell Douglas* noted, however, "[t]he facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect in differing factual situations." 411 U.S. at 802 n. 13, 93 S.Ct. 1817.

The relevant requirements under the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.*, are the same.

have responded to QVC's supplemental brief, which was attached to QVC's motion. In addition, Martinez has responded to QVC's supplemental brief in the memorandum accompanying Martinez's motion for leave to file a supplemental memorandum of law in support of his motion for reconsideration. I thus consider the substance of QVC's supplemental brief now, and consider Martinez's arguments in opposition to that motion as they are articulated in his memorandum in opposition to QVC's second motion for summary judgment and his supplemental memorandum of law in support of his motion for reconsideration, which I construe in part as an answer to QVC's supplemental brief.

I found in the Order that Martinez had not established a prima facie case of age discrimination for two reasons: he had not shown that he was qualified for the editor position, and he had not come foreword with evidence casting reasonable doubt on QVC's articulated nondiscriminatory reason for its decision not to hire him as a technical director. For the reasons that follow, I conclude that summary judgment must be entered on behalf of QVC for the remaining claims of race and national origin discrimination.

### 1. The Editor Position

■ The qualifications for the editor position are the same regardless of the sort of discrimination alleged by the plaintiff. In the Order of February 12, 1999, I found that Martinez had "failed to establish that he met the qualifications put forward by QVC for the editor position," *id.* at 9. That finding is the law of the case. Martinez thus cannot "prove by a preponderance of the evidence that [he] applied for an available position for which [he] was qualified."

### 2. The Technical Director Position

■ In the Order of February 12, 1999, I found that though Martinez had established that he met the qualifications put forward by QVC for the technical director position, he had "not satisfied his

burden of pointing 'to evidence establishing a reasonable inference that the employer's proffered explanation' for its refusal to hire him as a technical director 'is unworthy of credence,'" *id.* at 17 (*quoting Sempier v. Johnson & Higgins*, 45 F.3d 724, 728 (3d Cir.1995)). It is thus the law of the case that none of the evidence or arguments that Martinez has presented to date has satisfied his burden of establishing pretext. Though Martinez has submitted a series of papers since the Order, none raises a colorable claim of pretext based on Martinez's race or national origin.

In the Order, I noted that

QVC has produced evidence—by way of affidavits and deposition testimony—that the person it hired as technical director had qualifications superior to Martinez's, particularly experience in live television. Cavanaugh Aff. ¶ 17–19. The eventual hire had seven years' experience in live television, including recent experience as the technical director of evening and nighttime newscasts at two television stations. *Id.* ¶ 18–19. By comparison, Martinez testified that he "never really was interested in technical director work, so that's why [he] never really entered technical director [sic]." Martinez Dep. at 258. At his deposition, Martinez went on to suggest that his lack of significant experience should not preclude him from becoming a technical director: "for the past 25 years [my work] has been editing, as an employee, but that doesn't mean in my personal endeavors I can't do some other things." *Id.* When asked whether he had ever worked as a technical director, Martinez argued that an editor and a technical director were the same thing: "I know what a technical director is and an editor is the technical director in fact." *Id.* The closest Martinez came to claiming experience as a technical director was his statement that "I worked for Channel 13 as a technical director, because the jobs over there, they rotate, and you

had to do technical director kind of duties." *Id.* at 259. That work was not in live television, *id.* at 260–61, and was several years prior to his application to QVC.

Order at 11–12. I concluded that none of Martinez's arguments succeeded in meeting his burden of "point[ing] to evidence establishing a reasonable inference that the employer's proffered explanation is unworthy of credence." *Sempier v. Johnson & Higgins,* 45 F.3d 724, 728 (3d Cir.1995).

That remains so. Martinez has raised one new argument based on the "new evidence recently obtained." He contends that QVC's placement of the advertisements in trade papers—on several dates following the date on which QVC refused to hire him—indicates pretext. The crux of his argument appears to be that an employer cannot legitimately assert that it preferred another applicant to a rejected claimant when the person who eventually filled the position was not hired until several months after the claimant was rejected. However, this court knows of no reason why one should view with skepticism an employer's action in leaving open a position, for some reasonable period of time, because the employer is not satisfied with any of the applicants that it has considered—notwithstanding the fact that several of the applicants meet the minimum requirements articulated by the employer. It may be that an employer which hires a more qualified applicant a reasonable period of time after rejecting a claimant has a more trustworthy nondiscriminatory explanation for its rejection of the claimant than an employer which, while asserting that it is seeking a more-qualified applicant, in fact leaves the position open for an unreasonable period of time— a situation that might more properly be analyzed as a reduction-in-force. But Martinez has presented no evidence suggesting that a search for a television technical director is ordinarily concluded more quickly than it was by QVC. Martinez has thus not satisfied his burden of "point[ing]

to evidence establishing a reasonable inference that the employer's proffered explanation"—the superior experience of the person ultimately hired—"is unworthy of credence." *Sempier,* 45 F.3d at 728. Accordingly, on reconsideration, I grant the motion for summary judgment in full in an order accompanying this memorandum.

## ORDER

For the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendant's motion for leave to file a supplemental brief is GRANTED and the dispositive motion deadline is extended nunc pro tunc through July 1, 1999;

2. Plaintiff's motion for leave to file an additional memorandum in support of plaintiff's motion for reconsideration is GRANTED;

3. Plaintiff's additional memorandum in support of plaintiff's motion for reconsideration is CONSTRUED as an answer to defendant's supplemental brief;

4. Plaintiff's motion for reconsideration is DENIED;

5. Defendant's motion for reconsideration is GRANTED;

6. Defendant's motion for summary judgment is GRANTED in full;

7. All remaining motions are DISMISSED as MOOT; and it is ORDERED that judgment is entered in favor of defendant and against plaintiff, DISMISSING all of plaintiff's claims.

8. This case is to be marked CLOSED.