**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1569
_____

ANURADHA DHINGRA,
Appellant

v.

SAP AMERICA, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2:22-cv-00765)
District Judge:  Honorable Chad F. Kenney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 3, 2024
Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: May 16, 2024)
_____

OPINION[*]
_____

PER CURIAM

Anuradha Dhingra is a citizen of India residing in New Jersey. She obtained online

certifications in certain software produced by SAP America, Inc. (SAP), after completing

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

training modules through SAP's "Learning Hub." Dhingra used the certifications to further her consulting career.

In late 2021, SAP notified Dhingra about the expiration of her "Certification S-User ID," an eleven-digit credential used to access the "Certification Hub" and its repository of information concerning certification history and status. That action allegedly made it more difficult for Dhingra to find work.

Dhingra sued SAP, raising claims under the Fifth Amendment to the United States Constitution, the Alien Tort Statute (ATS), 28 U.S.C. § 1350, and state contract and privacy laws. The District Court granted SAP's motion for summary judgment.

The District Court determined that Dhingra's Fifth Amendment claim was legally defective because SAP is not a government actor and, regardless, Dhingra did not identify a protected liberty interest. As for Dhingra's contract claim, the District Court determined: "There is no evidence there was a contract [ ], there is no evidence Defendant breached such a contract, and there is no evidence to support damages." DC Op. 13. The District Court similarly determined that summary judgment was proper on Dhingra's invasion-of-privacy claim because evidentiary support was wholly lacking. Rejecting the ATS claim as legally defective, the District Court determined that "[e]ven if Defendant deletes the Plaintiff's certification records, this conduct does not rise to a level comparable to slavery, genocide, or nonconsensual medical experimentation to sustain a successful Alien Tort Statute claim." DC Op. 17. Finally, the District Court determined that there was no basis for ordering injunctive relief, as all the claims were non-viable.

Dhingra filed a timely motion for reconsideration, then a notice of appeal. The District Court denied Dhingra's motion without prejudice, on the ground that "the above-captioned case has been appealed." DC ECF No. 49. The District Court was mistaken about its authority to act in that moment. See Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989). But because the motion is no longer pending, we need not remand.

Instead, we deem Dhingra's notice of appeal timely as to the District Court's summary judgment ruling, see Cape May Greene, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir. 1983); Fed. R. App. P. 4(a)(1), and exercise jurisdiction under 28 U.S.C. § 1291. The District Court's summary judgment ruling is reviewed de novo. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

We have considered Dhingra's arguments on appeal; none reveals a reversible error by the District Court. Dhingra repeats throughout her briefs that this case presents issues of first impression, but whatever novelty her arguments might have does not change their disconnection from applicable precedent (or reasonable expansions thereof).

Dhingra's reliance on Brentwood Academy v. Tennessee Secondary School Athletic Association, 531 U.S. 288 (2001), for example, to show an error in the District Court's Fifth Amendment analysis, is unavailing. In Brentwood Academy, "the Supreme Court decided a private collective membership organization composed of public and private high schools in Tennessee was a state actor." Matrix Distribs., Inc. v. Nat'l Ass'n of Bds. of Pharmacy, 34 F.4th 190, 196 (3d Cir. 2022). The plaintiff there had "managed to show a tight connection between the association of schools and the state government," such that policies of the former could be imputed to the latter. Id. Dhingra, by contrast,

3

developed no evidence in the District Court even remotely suggesting a "close nexus" between a state government and the conduct challenged here, such that "seemingly private behavior may be fairly treated as that of the State itself." Brentwood Acad., 531 U.S. at 295 (citation and internal quotations omitted); cf. Ciraci v. J.M. Smucker Co., 62 F.4th 278, 283 (6th Cir. 2023) ("[F]ederal contracts by themselves do not create the requisite entwinement."). The District Court was thus right to grant summary judgment to SAP on the Fifth Amendment claim.

Equally unpersuasive is Dhingra's criticism of the District Court's ATS analysis. Dhingra appears to contend that the District Court ignored SAP's corporate activity in the United States, Dhingra's personal financial troubles, and historical inequality experienced by women in India. Dhingra, however, misses a fundamental defect in her ATS claim: There was no evidence presented at the summary judgment phase indicating that SAP violated a "specific, universal, and obligatory" norm of international law." Sosa v. Alvarez-Machain, 542 U.S. 692, 732 (2004).[1] The District Court was thus right to grant summary judgment to SAP on the ATS claim.

Accordingly, for the reasons given above and set forth in the District Court's memorandum opinion addressing SAP's summary judgment motion, we will affirm the judgment of the District Court.

---

[1] In so concluding, we have not taken a position on whether corporate liability is available under the ATS. Compare Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 145 (2d Cir. 2010), aff'd on other grounds, 569 U.S. 108 (2013), with Flomo v. Firestone Nat. Rubber Co., LLC, 643 F.3d 1013, 1017-21 (7th Cir. 2011).